## CASEY v. DORR.

Opinion delivered April 11, 1910.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.—The finding of an indictment by a grand jury is only *prima facie* evidence of probable cause, and such presumption may be rebutted in an action for malicious prosecution. (Page 436.)

2. SAME—SUFFICIENCY OF COMPLAINT.—A .complaint which alleges that defendants did wilfully and maliciously and without probable cause induce the grand jury to find an indictment against plaintiff, and did wilfully and maliciously and without probable cause instigate, aid and abet, advise and encourage the prosecution of the charge thereunder, states a cause of action. (Page 437.)

3. PLEADING—INDEFINITENESS.—The objection that a complaint for malicious prosecution is defective in failing to state the means by which the finding of the indictment in question was procured and the prosecution instigated should be reached by a motion to make the complaint more definite and certain, and not by a demurrer. (Page 437.)

Appeal from Independence Circuit Court; *Charles Coffin,* Judge; reversed.

*Z. M. Horton,* for appellant.

Indefiniteness in pleading must be reached by motion, and not by demurrer. 71 Ark. 564; 70 Ark. 161; 66 Ark. 480; 56 Ark. 629; 52 Ark. 378; 49 Ark. 277; 71 Ark. 422.

*Charles F. Cole* and *McCaleb & Reeder,* for appellee.

If the complaint shows a conviction of the plaintiff, the presumption of probable cause is rebutted. 15 L. R. A. (N. S.) 1143; 46 Kan. 550; 12 B. Mon. 555; 120 U. S. 141; 99 Mo. 183; 19 R. I. 338; 33 Atl. 525; 14 R. I. 609. Even binding to await the action of the grand jury is *prima facie* evidence of probable cause. 76 Ark. 41. When a complaint contains material facts which constitute a defense, it is bad on demurrer. 13 N. E. 51; 10 N. E. 100. In an action for malicious prosecution, the petition should state facts and conclusions. 90 Mo. 377. An answer which sets up only conclusions of law is demurrable. 43 Ark. 296; 57 Ark. 284.

McCULLOCH, C. J. Appellant sued appellees to recover damages for malicious prosecution, and the court sustained a demurrer to the complaint, which is as follows:

"That on the 8th day of April, 1904, the grand jury of Independence County, Arkansas, presented to and filed in the circuit court of said county an indictment against this plaintiff in words and figures as follows, viz: (Here follows copy of indictment returned against appellant for the crime of embezzlement).

"That the allegations of said indictment were and are ab-

solutely false. That the prosecution thereon continued from time to time, from said day and date, until the October term, 1907, of the Independence Circuit Court, at which term of said court the plaintiff herein was put upon his trial on said indictment, and upon a trial by a jury in said court found 'not guilty' and completely exonerated from all charges and imputation of guilt included and contained in said charge. That at and before the finding of said indictment, and at the finding thereof, and conducive to and causing the finding thereof, the defendants, and each of them, jointly and severally conspiring together and desiring and agreeing among themselves to wilfully, maliciously and without probable cause to inspire them thereto, did wilfully and maliciously induce said grand jury to find and present said indictment, being prompted thereto by malice towards this plaintiff and without probable cause to believe this plaintiff guilty of the charges contained in said indictment. That the said defendants wilfully, maliciously and without probable cause to believe the plaintiff guilty, caused said indictment to be found and presented by said grand jury and instigated, aided, abetted, advised and encouraged, and procured the institution, continuance and prosecution of said indictment, and the charges therein contained against this plaintiff from time to time until the October term of said court, 1907, at which term of said court said cause was tried at the instigation of said defendants, resulting in an acquittal of this plaintiff as aforesaid. That by the instigation of said prosecution, the finding of said indictment, the continuing of said cause from time to time upon the docket of the Independence Circuit Court, * * * he has been damaged in the sum of one hundred thousand dollars. That the instigation, backing up, prolonging said prosecution and keeping said case in court, was done by the defendants wilfully, maliciously and for the purpose of extorting money from this plaintiff, and without probable cause on the part of the defendants to believe this plaintiff was guilty of the charges contained in said indictment."

It is contended by appellees, in support of the court's ruling, that, as the complaint alleges the finding of an indictment by the grand jury, there must be an additional averment, in order to show affirmatively the absence of probable cause, to

the effect that the indictment was procured by fraud, perjury or other unfair conduct on the part of the defendants.

The rule seems to be established by the weight of authority that a judgment of conviction by a court of competent jurisdiction is conclusive evidence of the existence of probable cause, even though the judgment be subsequently reversed and set aside, unless it be shown that the judgment was procured by fraud or undue means. *Carpenter* v. *Sibley* (Cal.), 15 L. R. A. (N. S.) 1143 and note; *Crescent City Live Stock Co.* v. *Butchers' Union*, 120 U. S. 141.

In *Wells* v. *Parker*, 76 Ark. 41, it was urged upon this court that the binding over by a committing magistrate to await the action of the grand jury was conclusive evidence of the existence of probable cause, but we declined to so hold, and decided that such was only *prima facie* evidence of probable cause. We find no authorities which go to the extent of holding that the mere finding of an indictment, which is only an accusation and not an adjudication of guilt, is anything more than *prima facie* evidence of the existence of probable cause for the prosecution. The Kentucky Court of Appeals, in a recent case, stated the following rule on the subject, which we conceive to be sound: "The finding of an indictment by the grand jury is *prima facie* evidence of probable cause, and the acquittal of the person indicted is evidence of his innocence; but the acquittal does not of itself show evidence of malice or the want of probable cause, and therefore the plaintiff in an action for malicious prosecution must prove some other facts tending to establish a want of probable cause for the prosecution, and, when he has introduced evidence of this character, malice on the part of the prosecutor will be inferred." *Jones* v. *Louisville & N. Ry. Co.*, 96 S. W. 793.

Now, since the finding of an indictment is only *prima facie* evidence of probable cause, this may be overcome, when the prosecution has been terminated by an acquittal or by a dismissal of the indictment, by proof adduced to the effect that there was in fact no probable cause for the prosecution. The finding of an indictment cannot be given any greater force in establishing the existence of probable cause for the prosecution than the binding over of a committing magistrate; and, since

this court held that in the latter case it was only *prima facie* evidence, we consider that decisive of the question that the returning of an indictment was only *prima facie* evidence. To hold otherwise would be to give the same degree of probative force and conclusiveness to the finding of an indictment as to a judgment of conviction by a court of competent jurisdiction.

The following cases support the views we now express, and are precisely in point: *Flackler* v. *Novak,* 94 Iowa 634; *Raleigh* v. *Cook,* 60 Tex. 438; *Bell* v. *Pearcy,* 33 N. C. 233.

The North Carolina court, in the above cited case, after announcing the rule that a judgment of conviction by a court of competent jurisdiction is conclusive of the existence of probable cause, said: "The finding of a grand jury has not this conclusive effect, and an acquittal opens the question, so as to give the party an opportunity to offer evidence to repel the presumption, growing out of the action of the grand jury."

In *Flackler* v. *Novak, supra,* the court said: "The action of the justice and of the grand jury undoubtedly tended to show probable cause, but would not be conclusive proof of it. If the defendants knew that the real facts did not authorize the action taken, there was no probable cause." The court in that case held that it would have been improper to instruct the jury that the defendants had probable cause for instituting the proceedings unless the plaintiff shows that the action of the grand jury in finding the indictment, and of the justice in binding over, was procured or caused by fraud or false or perjured testimony.

The complaint alleges that appellees did willfully and maliciously, and without probable cause, induce the grand jury to find an indictment against appellant, and did willfully and maliciously, and without probable cause, instigate, aid and abet, advise and encourage, the prosecution of the charge under said indictment. We are of the opinion that the complaint stated a cause of action. The allegation should have been made more specific by stating the means by which the finding of the indictment was procured and the prosecution instigated; but this defect should have been reached by a motion to make the complaint more definite and certain. *Johnson* v. *Douglass,* 60 Ark. 39; *Bush* v. *Cella,* 52 Ark. 378.

The court might properly have treated the demurrer as a

motion to make the complaint more definite and, after sustaining it, given appellant an opportunity to amend. But that is not what the court did. It decided, by sustaining the demurrer, that no cause of action was stated at all, and therefore appellant was not called on to make his complaint more definite. ·

Reversed and remanded.

WOOD, J., dissents.