ALMA OWENS *v.* SHOE TREE OF FAYETTEVILLE, INC AN ARKANSAS CORPORATION; R. L. CULPEPPER, DAVID CULPEPPER, AND MRS. R. L. CULPEPPER

5-5921                                        480 S.W. 2d 936

Opinion delivered June 5, 1972
[As amended on Denial of Rehearing July 3, 1972.]

*Carl M. Harness*, for appellant.

*Putman, Davis & Bassett*, for appellees.

Frank Holt, Justice. This is a suit for malicious prosecution. Appellant commenced this action against appellees following the court's dismissal of a charge of grand larceny pending against appellant. The information filed against appellant resulted from appellee-R. L. Culpepper's sworn statement that appellant had stolen a pair of cowboy boots from the appellee-Shoe Tree Store. Based upon a directed verdict for Mrs. R. L. Culpepper and a jury verdict for the remaining appellees, a judgment was entered in their favor.

R. L. Culpepper is the co-owner and manager of the appellee-corporation and his wife is a part-time employee. David Culpepper, their 22-year-old son, has no position with the corporation and is unemployed. According to appellees, Mr. and Mrs. Culpepper were working in the rear of the store on the date of the alleged theft. David had been instructed by his father to keep watch on the store and was sitting near the center of the store facing the front. Between 5:30 and 6:00 p.m., two women entered the store, walked to the men's shoe section, picked up a pair of cowboy boots and each woman placed a boot in her handbag. David immediately informed his father of the incident. When Mr. Culpepper approached the women, he was asked by one of them about a certain type shoe. He did not inquire of them about the boots. While he was checking the shoe boxes in the area to determine if the boots were missing, the women left the store. Before Mr. Culpepper could stop them, they drove off in their car. Mr. Culpepper then called

the sheriff's office and reported the theft by the unidentified individuals. Subsequently, David informed his father that he had seen one of the women at a local bowling business. Two weeks after the alleged theft, the three Culpeppers went separately to the bowling lanes where Mr. Culpepper and David each identified appellant as one of the women involved in the alleged theft. Mr. and Mrs. Culpepper obtained appellant's name from a bowling customer. Mr. Culpepper phoned the sheriff's office to register his complaint. Immediately thereafter a deputy sheriff arrived at the bowling lanes and Mr. Culpepper signed an affidavit for the arrest of appellant for shoplifting. The appellant called her son, who came to the bowling lanes and drove her to the sheriff's office where they posted bond. The following day a local daily newspaper published information concerning appellant's arrest and the charges against her. Subsequently, appellant appeared in court for arraignment and entered a plea of "not guilty." The charge remained pending from March 28, 1968, to October 27, 1969, when the charge was dismissed for lack of prosecution.

We first consider appellant's contention that the court erred in instructing the jury concerning termination of the prosecution in appellant's favor. The court gave the following instruction (No. 10):

"You are instructed that the fact that a prosecution against the plaintiff terminated in her favor is insufficient, standing alone, to sustain plaintiff's action for malicious prosecution, in the absence of proof of malice and lack of probable cause on the part of the defendants."

Appellant does not dispute the fact that termination of the prosecution in her favor is "not conclusive or determinative" on the issue of malice or probable cause. She insists, however, that she is entitled to an instruction stating that it is a fact to be considered along with all the other facts and circumstances in the determination of the alleged malice and want of probable cause. We

agree. In *McNeal* v. *Millar*, 143 Ark. 253, 220 S.W. 62 (1920), we quoted with approval:

> "While the defendant in the former proceeding may have been found innocent and acquitted, yet that does not show a want of probable cause in the prosecution, it being not conclusive of anything against the prosecutor, but a mere circumstance which taken along with others may induce the jury to find there was a want of probable cause and also that there was malice."

In the case at bar, the instruction as given did not sufficiently comport with the law as set forth in *McNeal* and is, therefore, prejudicial to appellant.

Appellant further contends that the court erred in instructing the jury as to probable cause. The court gave the following instruction (No. 8):

> "You are instructed that the term 'probable cause' or due cause sometimes called, as used in these instructions in connection with the charge of malicious prosecution, means that state of facts in the mind of the defendant or the defendants, either one or all of them, that would lead a reasonable and prudent person to believe or have an honest and strong suspicion that the accused was guilty of the crime for which she was charged."

Appellant makes the argument that the instruction is erroneous, inasmuch as it did not provide that the defendant or defendants should have considered both the facts and circumstances known to them. Probable cause to institute criminal proceedings is not necessarily limited to the "facts in the mind of the defendant." *Malvern Brick & Tile* v. *Hill*, 232 Ark. 1000, 342 S.W. 2d 305 (1961).Inasmuch as the giving of this instruction is likely to arise upon a retrial, we observe that it is subject to proper specific objections being made.

Appellant, also, contends that the court erred in refusing to allow appellant's witness, a school official, to testify about the circumstances and facts concerning David Culpepper's removal from junior high school several years preceding this incident. Mr. Culpepper's accusation that appellant took the boot was based somewhat on information told to him by David. Mr. Culpepper testified: "I would be dishonest to say that I saw her put the boot in there, when I didn't." Whether or not Mr. Culpepper was entitled to rely on his son's statement that he saw appellant put a boot in her handbag relates to David's credibility. In *Malvern Brick & Title Co.* v. *Hill, supra,* we said:

> "In malicious prosecution cases we have defined the words 'probable cause,' as, 'such a state of facts known to the prosecutor, or such information received by him from *sources entitled* to credit, as would induce a man of ordinary caution and prudence to believe, and did induce the prosecutor to believe, that the accused was guilty of the crime alleged, and thereby caused the prosecution.' " (emphasis added)

In the case at bar, it does not appear that the testimony of the former school principal related to David's credibility. We observe, however, that any properly adduced testimony which relates to David's credibility is admissible evidence.

Appellant, also, asserts that the court erred in not allowing her defense counsel to testify concerning a written instrument which her counsel received from the deputy prosecuting attorney during the arraignment proceeding. The proffer of proof reflects that the information contained in this "piece of paper" was to the effect that charges against appellant would be dropped if she would sign a statement agreeing not to sue appellees. The "piece of paper" was not produced as the best evidence. Neither was there any evidence adduced on direct or rebuttal to connect appellees with the contents of this written instrument received from the state's repre-

sentative. In the circumstances, we think the trial court properly sustained appellees' objection to this witness' testimony. See *Edwards* v. *Epperson,* 246 Ark. 194, 437 S.W. 2d 480 (1969); 29 Am. Jur. 2d § 472 Evidence; 32 C.J.S. § 625 Evidence.

Appellant further asserts that the trial court erred by commenting on the evidence in the pressence of the jury. There was no objection made to the court's comments. Therefore, appellant is in no position to complain of this asserted error for the first time on appeal. *Thompson* v. *AAA Lumber Co.,* 245 Ark. 518, 432 S.W. 2d 873 (1968), *Baker* v. *City of Little Rock,* 247 Ark. 518, 446 S.W. 2d 253 (1969).

As to appellant's other contentions for reversal, suffice it to say that we have considered and find them without merit.

Because of the prejudicial errors as previously indicated, the judgment is reversed and the cause remanded except as to the directed verdict in favor of Mrs. Culpepper.

Affirmed in part and reversed in part.