Michael Patrick SUNDEEN *v.* KROGER and Jerry Hart

03-386 133 S.W.3d 393

Supreme Court of Arkansas
Opinion delivered December 4, 2003

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Michael J. Emerson* and *Cynthia J. Worthing*, for appellees.

TOM GLAZE, Justice. We granted appellant Michael Sundeen's petition for review in this appeal. Sundeen was initially found guilty in municipal court of obstructing and attempting to influence governmental operations. Sundeen appealed to circuit court where the State nolle prossed the charges.[1] Sundeen subsequently filed suit against Kroger and its security officer for malicious prosecution and abuse of process. We are asked to decide what effect the State's nolle prosse later had in Sundeen's civil suit now on appeal. When we grant a petition for review, we consider the appeal as though it had originally been filed in this court. *See Sharp County Sheriff's Office v. Ozark Acres*, 349 Ark. 20, 75 S.W.3d 690 (2002); *Edens v. Superior Marble & Glass*, 346 Ark. 487, 58 S.W.3d 369 (2001).

On December 21, 1999, Sundeen was shopping at the Kroger store on Asher Avenue in Little Rock. While there, Sundeen asked store employee Angela Bryant where he could find the marshmallows; Bryant, who was talking to a co-worker, said that she thought they were on aisle 16 or 17. At that point, Bryant claimed that Sundeen made a rude comment to her, and, in return, Sundeen responded that Bryant was rude to him. Sundeen went to the customer service desk to complain about Bryant; at the same time, Bryant went to security guard Jerry Hart to complain about Sundeen. Hart, an off-duty Little Rock police officer, approached

---

[1] At the time Sundeen was convicted, the lower courts were still referred to as municipal courts. During the pendency of this appeal, those courts are now designated district courts. *See* Ark. Const. amend. 80.

Sundeen as he stood in line at the customer service desk and said that he needed to talk to Sundeen. Sundeen told Hart that Hart did not have anything to say to him. Hart said that Sundeen then became loud and belligerent, so Hart took him by the arm and escorted him upstairs to the security office. According to Hart, Sundeen persisted in being loud and rude, which led Hart to arrest Sundeen for obstructing governmental operations. Sundeen responded, saying that he was going to contact his lawyer and the store manager and "have Hart's job." Hart then told him he was also under arrest for attempting to influence governmental operations. The charges were tried in Little Rock District Court, and Sundeen was found guilty of both charges. Sundeen appealed to Pulaski County Circuit Court, but prior to trial, the prosecutor nolle prossed the charges.

Later, on January 18, 2001, Sundeen filed a civil suit against Kroger and Hart in Pulaski County Circuit Court, alleging the torts of malicious prosecution and abuse of process. Kroger and Hart filed a motion for summary judgment, contending that Sundeen could not prove all of the elements of either malicious prosecution or abuse of process. On February 25, 2001, the trial court granted Kroger's motion, finding that probable cause existed for Sundeen's arrest and prosecution for obstructing governmental operations and attempting to influence a public official; therefore, his malicious prosecution claim failed. The trial court also found that Sundeen's abuse of process claim failed, because he had not submitted any evidence that Kroger was guilty of any malice or committed any improper act after his arrest and the initiation of the criminal prosecution. Sundeen appealed the granting of Kroger's summary-judgment motion, and a divided court of appeals affirmed, holding that the entry of a nolle prosse did not preclude a finding of probable cause to arrest. *Sundeen v. Kroger,* 81 Ark. App. 371, 101 S.W.3d 891 (2003). As noted above, we granted Sundeen's petition for review.

For his first point on appeal, Sundeen argues that the trial court erred in ruling that probable cause existed for his arrest. In order to establish a claim for malicious prosecution, a plaintiff must prove the following five elements: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *South Arkansas Petroleum Co. v. Schiesser,* 343 Ark. 492, 36 S.W.3d 317 (2001); *McLaughlin v. Cox,* 324 Ark. 361, 922

S.W.2d 327 (1996). Sundeen specifically challenges the third element, arguing that the only evidence the trial court had to prove probable cause was the erroneous consideration of the district court's earlier convictions that had been nolle prossed after he appealed them to circuit court. Sundeen submits that, because district court appeals to circuit court are tried *de novo*, considering the district court convictions in the malicious prosecution case "defeats the purpose" of having a *de novo* trial in circuit court.

▪ The primary issue in this appeal, then, is whether the circuit court, hearing the motion for summary judgment in the malicious prosecution case, was entitled to look at Sundeen's prior district court convictions in order to determine whether there was probable cause for the criminal proceedings. In the context of a malicious prosecution action, the existence of probable cause is to be determined by the facts and circumstances surrounding the commencement and continuation of the legal proceedings. *Schiesser, supra*; *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989). Probable cause for prosecution must be based upon the existence of facts or credible information that would induce a person of ordinary caution to believe the accused person to be guilty of the crime for which he is charged. *Id.*; *see also Wal-Mart Stores, Inc. v. Binns*, 341 Ark. 157, 15 S.W.3d 320 (2000).

▪ Here, Sundeen argues that, because the charges against him were previously nolle prossed in circuit court, there is no evidence of a criminal conviction in the lower district court. While it is true that the entry of a *nolle prosequi* is a sufficiently favorable termination of a proceeding in favor of the accused, *see Crockett Motor Sales, Inc. v. London*, 283 Ark. 106, 671 S.W.2d 187 (1984), it is not, standing alone, evidence that probable cause was lacking. *See, e.g., Owens v. Shoe Tree of Fayetteville, Inc.*, 252 Ark. 775, 480 S.W.2d 936 (1972) (citing *McNeal v. Millar*, 143 Ark. 253, 220 S.W.2d 62 (1920) (acquittal does not necessarily show a want of probable cause in the prosecution)); *Kansas & Texas Coal Co. v. Galloway*, 71 Ark. 351, 74 S.W. 521 (1903).

▪ Arkansas cases have consistently held that a judgment of conviction by a court of competent jurisdiction is conclusive evidence of the existence of probable cause, even though the judgment is later reversed. *See Smith v. Anderson*, 259 Ark. 310, 532 S.W.2d (1976); *Alexander v. Laman*, 225 Ark. 498, 283 S.W.2d 345

(1955). In *Alexander*, appellant Alexander was convicted of "wrongful disposition of title-retained property" in municipal court, but upon appeal to circuit court, the charge was dismissed. *Alexander*, 225 Ark. at 499. Alexander subsequently brought a malicious prosecution lawsuit against her accusers, but the trial court directed a verdict in favor of the defendant, Laman. This court affirmed, writing as follows:

> Upon this proof the court was right in instructing a verdict for the defendant. It was incumbent on the plaintiff to show, as an essential element of her cause of action, that the defendant acted without probable cause in having her arrested. *Price v. Morris*, 122 Ark. 382, 183 S.W. 180 [(1916)]. That element of [Alexander's] case is necessarily lacking, for it is settled that a judgment of conviction by a court of competent jurisdiction is conclusive evidence of the existence of probable cause, even though the judgment is later reversed. *Freeman v. Allen*, 193 Ark. 432, 100 S.W.2d 679 [(1937)] .... Since the municipal court's judgment, in the absence of fraud in its procurement, was *conclusive* evidence of the existence of probable cause, [Alexander] was not entitled to retry an issue already determined.

*Alexander*, 225 Ark. at 499-500 (emphasis in original). *See also Casey v. Dorr*, 94 Ark. 433, 127 S.W. 708 (1910) ("[t]he rule seems to be established by the weight of authority that a judgment of conviction by a court of competent jurisdiction is conclusive evidence of the existence of probable cause, even though the judgment be subsequently reversed and set aside, unless it be shown that the judgment was procured by fraud or undue means"). The Restatement (Second) of Torts § 667(1) (1977) is in accord; it provides that "[t]he conviction of the accused by a magistrate or trial court, although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means."

Nevertheless, Sundeen argues that his due process rights were denied and violated when the circuit court ruled that probable cause existed due to the district court conviction. He maintains that the *de novo* nature of the proceedings in the circuit court should have precluded consideration of the district court conviction. On this point, he cites cases such as *Harrell v. City of Conway*, 296 Ark. 247, 753 S.W.2d 542 (1988), and *Griffin v. State*,

297 Ark. 208, 760 S.W.2d 852 (1988), which hold that the applicable statute provides for an appeal from district court to circuit court, where the accused is entitled to an entirely new trial as if no judgment had been rendered in the district court. *See also* Ark. Code Ann. § 16-96-507 (Repl. 1999).

 It is, of course, true that one convicted in the municipal court is entitled to have that conviction reviewed *de novo* in circuit court.[2] However, Sundeen *received* that *de novo* review in circuit court, when he appealed his conviction to circuit court. The fact that the prosecution chose to nolle prosse the charges against him, however, is of no import, and does not, under this court's case law, affect the prior determination of probable cause. In *Cordes v. Outdoor Living Center, supra*, this court emphasized that in making a probable cause determination in the context of a malicious prosecution suit, the court "concentrates on the *facts before the action commenced*[.]" *Cordes*, 301 Ark. at 31 (emphasis added). Probable cause is determined by the facts and circumstances surrounding the *commencement* of the legal action. *Id.*; *see also Schiesser, supra*.

Therefore, the question in this case is whether Jerry Hart had probable cause to arrest Sundeen for interference with governmental operations and attempting to influence a governmental official. Here, Sundeen's own affidavit supports a finding of probable cause; he averred that, when asked by Hart, Sundeen did not step out of line at the Kroger store. Sundeen also admitted that he told Hart he wanted to find out who Hart's supervisor was so Sundeen could "have" his job.

 This court's earlier cases of *Alexander* and *Smith* are entirely on point. In addition, other jurisdictions have considered this precise situation and have concluded that there is nothing in the concept of a trial *de novo* that precludes the effect of a conviction on the issue of probable cause. For example, in *Tarantino v. Griebel*, 100 N.W.2d 350 (Wis. 1960), the Wisconsin Supreme Court held that the effect of an acquittal upon trial *de novo*

---

[2] In the event that one who has been convicted in municipal court later has his or her charges nolle prossed, dismissed, or the individual is acquitted at trial, he or she is eligible to have all arrest records, petitions, orders, docket sheets, and any other documents relating to the case expunged. *See* Ark. Code Ann. 16-90-906 (Supp. 2003).

did nothing to cause an earlier conviction to no longer be conclusive proof of probable cause. Likewise, the Arizona Supreme Court, in *Wisniski v. Ong*, 382 P.2d 233 (Ariz. 1963), stated that, even following acquittal upon a trial *de novo*, the facts established at an earlier trial in lower court, where a conviction was obtained, conclusively demonstrated the existence of probable cause.

Earlier this year, the Maryland Court of Appeals reached a similar result. *See Carter v. Aramark Sports and Entertainment Services, Inc.*, 153 Md. App. 210, 835 A.2d 262 (2003). There, the Maryland court of appeals pointed out that an acquittal "is not, by itself, evidence of a lack of probable cause." 2003 WL 22508088 at *4 (citing *Palmer Ford v. Wood*, 298 Md. 484, 492 n. 4, 471 A.2d 297 (1984)). The Maryland court continued as follows:

> This is said to be for the reason that the finding may be based on a mere lack of proof beyond a reasonable doubt, and throws no light on the sufficiency of the evidence on which the instigator acted *at the time the proceedings were instituted*, because the verdict may have been based on other evidence produced by the defense that was unknown to the instigator.

*Id.* (emphasis added).

In sum, we conclude that there is no need to overrule our prior case law, as Sundeen suggests. The circuit court hearing Sundeen's malicious prosecution case was correct to grant Kroger's motion for summary judgment, because Sundeen's district court conviction, even if later reversed, was conclusive proof of the existence of probable cause for Kroger to initiate criminal proceedings. Without the lack of probable cause, Sundeen was unable to establish the elements necessary to a malicious prosecution action, and summary judgment was entirely correct.

In his second point on appeal, Sundeen argued that the trial court erred in ruling that he did not submit any evidence that Kroger and Hart were guilty of any malice or committed any improper act after [Sundeen's] arrest and the initiation of the criminal prosecution." Sundeen argues that there was a genuine issue of material fact as to the malicious prosecution claim and abuse of process claim, contending that it was "a question of fact whether [Kroger and Hart] are guilty of abuse of process."

■■ With respect to Sundeen's malice argument, malice can be inferred from lack of probable cause. *See Wal-Mart Stores, Inc. v. Binns*, 341 Ark. 157, 15 S.W.3d 320 (2000). Malice has been defined as "any improper or sinister motive for instituting the suit." *Cordes*, 301 Ark. at 32 (citing *Foster v. Pitts*, 63 Ark. 387, 38 S.W. 1114 (1897)). However, when probable cause exists and there is no strong evidence of malice, a charge of malicious prosecution cannot succeed. *Id.* Here, there was probable cause for the initiation of proceedings against Sundeen; on appeal, however, he fails to point to any particular facts or evidence he introduced in the trial court that would support his contention that there was a genuine issue of material fact to be resolved regarding malice.

■■ Sundeen's next argument pertains to his abuse of process claim. In order to prove the tort of abuse of process, Sundeen had to establish the following elements: (1) a legal procedure set in motion in proper form, even with probable cause and ultimate success; (2) the procedure is perverted to accomplish an ulterior purpose for which it was not designed; and (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of the proceeding. *Schiesser, supra.* This court has stated that the test of abuse of process is whether a judicial process is used to extort or coerce. *Routh Wrecker Serv., Inc. v. Washington*, 335 Ark. 232, 980 S.W.2d 240 (1998). The key to the tort is the improper use of process after its issuance in order to accomplish a purpose for which the process was not designed. *Id.; see also Harmon v. Carco Carriage Corp.*, 320 Ark. 322, 895 S.W.2d 938 (1995); *Cordes*, 301 Ark. at 33. Thus, it is the purpose for which the process is used, once issued, that is important in reaching a conclusion. *Id.*

■■ Again, Sundeen fails to point to any facts or evidence he introduced that would support his contentions on appeal. Nothing in his affidavit submitted to the trial court indicated that Kroger or Hart did anything after charges were filed against him to extort or coerce. In his affidavit, Sundeen described his version of the events that took place in the Kroger store on December 21, 1999; however, his conclusory allegations are insufficient to create a fact issue in a summary-judgment situation. *See Swindle v. Lumbermens Mut. Cas. Co.*, 315 Ark. 415, 869 S.W.2d 681 (1993) (affidavits which are conclusory rather than factual are

insufficient); *McDonald v. Eubanks*, 292 Ark. 533, 731 S.W.2d 769 (1987). When a party cannot present proof on an essential element of his or her claim, there is no remaining genuine issue of material fact, and the party moving for a summary judgment is entitled to judgment as a matter of law. *Eady v. Lansford*, 351 Ark. 249, 92 S.W.3d 57 (2002); *Short v. Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988). Simply put, Sundeen offered no proof whatsoever of any coercive actions or efforts to extort anything from him; therefore, we affirm the trial court's decision to grant Kroger's motion for summary judgment.

Affirmed.