# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1371

———————

Robert Brown; Arthur James,    *
                               *
          Appellants,          *
                               *   Appeal from the United States
     v.                        *   District Court for the
                               *   Eastern District of Arkansas.
Daniel Willey, originally sued as David   *
Willey,                        *
                               *
          Appellee.            *

———————

Submitted: November 26, 2004
Filed: December 15, 2004

———————

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Robert Brown and Arthur James brought a 42 U.S.C. § 1983 action claiming that Officer Daniel Willey arrested them without probable cause and, as to Brown, with excessive force. The district court[1] granted summary judgment to Willey on the probable-cause claims, and a jury found for Willey on Brown's excessive-force claim. On appeal, Brown and James argue that the district court erred in granting summary

---

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

judgment, in denying motions for a continuance and for a new trial, and in refusing to give a requested jury instruction. We affirm.

The district court found that Willey had a complete defense to Brown's and James's arrest-without-probable-cause claims because Brown and James were convicted in state district court of the charges on which they were arrested. See Malady v. Crunk, 902 F.2d 10, 11-12 (8th Cir. 1990) (conviction is defense to § 1983 claim of arrest without probable cause). Given that the state circuit court--to which Brown and James appealed for a trial de novo--eventually dismissed the charges for lack of a speedy trial, we must determine whether the initial convictions were sufficient to prove probable cause. This question is a matter of federal law, cf. Wilson v. Lawrence County, Mo., 154 F.3d 757, 760 (8th Cir. 1998) (whether governor's pardon allowed otherwise barred § 1983 claim to proceed was issue of federal law), cert. denied, 525 U.S. 1069 (1999), as informed by state law, see, e.g., Cameron v. Fogarty, 806 F.2d 380, 386-87 (2d Cir. 1986) (considering state cases, among other things, in determining applicable federal common law rule), cert. denied, 481 U.S. 1016 (1987).

We agree with the district court that the initial convictions were sufficient in this case to prove probable cause, see Sundeen v. Kroger, 133 S.W.3d 393, 394, 398 (Ark. 2003) (plaintiff's conviction in state district court, even though later reversed when prosecutor nolle prossed charges on appeal to circuit court, was conclusive proof of existence of probable cause to initiate criminal proceedings), because the initial convictions were not "subsequently overturned upon a finding of innocence following a trial on the merits in a court of competent jurisdiction," Rogers v. Carter, 133 F.3d 1114, 1117 (8th Cir. 1998). Thus, we find that the district court properly granted summary judgment to Willey, see Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997) (de novo standard of review); and did not abuse its discretion either in refusing to continue the trial, cf. Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir.) (per curiam) (decision to stay case is within court's discretion), cert. denied, 498 U.S.

897 (1990), or in denying Brown's and James's motion for a new trial, see Stephens v. Rheem Mfg. Co., 220 F.3d 882, 886 (8th Cir. 2000) (standard of review).

We further find that the district court did not err in refusing Brown's request for a jury instruction, which stated that the First Amendment protects "a significant amount of verbal criticism" directed toward police officers. The only issue at trial was whether excessive force was used in arresting Brown, not whether probable cause existed for the arrest or whether the officer violated Brown's First Amendment rights by arresting him. See Campos v. City of Blue Springs, Mo., 289 F.3d 546, 551-52 (8th Cir. 2002) (jury-instruction review is for abuse of discretion, limited to whether instructions as a whole fairly and adequately represent evidence and law; finding no error in failure to give unnecessary instruction).

Accordingly, we affirm.

_____