# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3098

_____

| | |
|---|---|
| Kenneth Hunt, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Arkansas. |
| Harold Smith, Officer, Marianna, | * |
| AR, in his individual and official | * [UNPUBLISHED] |
| capacities, et al., | * |
| | * |
| Appellees. | * |

_____

Submitted: June 22, 2010
Filed: July 6, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kenneth Hunt appeals the district court's[1] two orders granting partial summary judgment in his 42 U.S.C. § 1983 suit asserting numerous claims against the City of Marianna, Arkansas, and various City officials, and the entry of judgment on a jury verdict on the remaining claim.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

We review the grant of summary judgment de novo.  See Mack v. Dillon, 594 F.3d 620, 622 (8th Cir. 2010).[2]  As to the first order, we agree with the district court that Hunt's claims against the City of Marianna and various City officials were based on speculation.  See Binkley v. Entergy Operations, Inc., 602 F.3d 928, 931 (8th Cir. 2010) (to survive summary judgment, non-moving party must provide sufficient probative evidence based on more than conjecture or speculation).  The court did not err in denying Hunt more time to serve one defendant who was sued for his actions as Hunt's public defender.  See Gentry v. City of Lee's Summit, 10 F.3d 1340, 1342-43 (8th Cir. 1993) (public defender not a state actor under § 1983).  As to the second order, which the court was not precluded from entertaining, Hunt's probable-cause challenge to his December 2000 arrest fails because the resulting convictions were dismissed on appeal for lack of a speedy trial, not on their merits, see Brown v. Willey, 391 F.3d 968, 969-70 (8th Cir. 2004) (per curiam), and the court did not abuse its discretion in denying Hunt's motion to reconsider, see Sanders v. Clemco Indus., 862 F.2d 161, 168-70 (8th Cir. 1988).

Finally, we reject Hunt's challenge to the jury verdict.  We do not second guess a jury's credibility determination, see Parkhurst v. Belt, 567 F.3d 995, 1002 (8th Cir. 2009), and the district court did not abuse its discretion in denying Hunt's motions for recusal, see Dossett v. First State Bank, 399 F.3d 940, 953 (8th Cir. 2005) (adverse judicial rulings rarely constitute valid basis for recusal).

Accordingly, we affirm.  See 8th Cir. R. 47B.  We grant Hunt's motions to supplement the record.

_____

[2]We address only those claims that Hunt has not waived on appeal, see Meyers v. Starke, 420 F. 3d 738, 742-43 (8th Cir. 2005); and we decline to consider any new claims or allegations, see Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004).