SLIP OPINION

Cite as 2015 Ark. 15

# SUPREME COURT OF ARKANSAS

No. CV–14–307

| | |
|---|---|
| LILLIE MCMULLEN<br>APPELLANT | **Opinion Delivered** January 22, 2015 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CV-13-3610] |
| MCHUGHES LAW FIRM<br>APPELLEE | HONORABLE JAY MOODY, JUDGE<br><br>AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

This is an appeal from the Pulaski County Circuit Court's December 16, 2013 order granting a motion to dismiss a complaint filed by appellant, Lillie McMullen, against appellee, McHughes Law Firm ("McHughes"). In her complaint, McMullen alleged that McHughes violated the Arkansas Fair Debt Collection Practices Act ("AFDCPA") and the federal Fair Debt Collection Practices Act ("FDCPA"). McMullen also alleged that McHughes invaded her privacy and engaged in malicious prosecution while trying to collect a consumer debt owned by Precision Analytics, Inc. ("Precision"), McHughes's client. Our jurisdiction is proper pursuant to Arkansas Supreme Court Rule 1–2(b)(1), (5), and (6) as the question of whether there is a cause of action under the AFDCPA is an issue of first impression for this court, this case involves significant issues needing clarification or development of the law, and it requires interpretation or construction of an act of the General Assembly.

## I. *Facts and Procedure*

On November 16, 2012, McHughes filed a lawsuit on behalf of Precision against

McMullen asserting that McMullen was responsible for a consumer debt incurred on a credit card issued to her ex-husband Owen McMullen.[1]  The credit card at issue was a personal revolving credit-card-debt account opened sometime in 1983.  The account was used for personal, family, or household purchases between 1983 and 1987, and for some period of time after McMullen and Owen McMullen divorced on December 17, 1987.  Sometime after December 17, 1987, the debt was consigned, or otherwise transferred to Precision, which hired McHughes to attempt to collect the debt from McMullen.  In her answer and counterclaim filed on December 19, 2012, McMullen denied ever having made any purchases on the credit card, and asserted violations of the AFDCPA.  On August 28, 2013, Pulaski County Circuit Court Judge Timothy Fox entered an order dismissing the lawsuit brought by McHughes against McMullen.

After Precision's lawsuit against her was dismissed, McMullen filed a complaint in circuit court against McHughes on September 10, 2013.  In her complaint, McMullen alleged that McHughes violated the AFDCPA, codified at Arkansas Code Annotated sections 17-24-501 through –512, and the FDCPA, codified at 15 U.S.C. § 1692 et seq., and 28 U.S.C. §1337.  In addition, McMullen asserted claims for negligence, invasion of privacy, abuse of process, and malicious prosecution.  On November 12, 2013, McMullen amended her complaint.  McMullen's second amended complaint alleged causes of action under the AFDCPA, the FDCPA, and state-law claims for invasion of privacy and malicious prosecution.

---

[1]The lawsuit was originally filed in the District Court of Pulaski County, Arkansas–Sherwood Division, but was later transferred to Pulaski County Circuit Court.

SLIP OPINION

According to her second amended complaint, McMullen first received a notice and demand for payment in 2012, via a telephone call from an employee of McHughes. McMullen contended that McHughes filed a lawsuit as a means of collecting a debt without verification of, or conducting an adequate investigation into, the facts and circumstances surrounding the validity, correct ownership, or correct and proper amount due. McMullen alleged that McHughes's actions of making a demand for an improper amount and filing a lawsuit against her as coercion to collect a consumer debt when she was not a signatory or an authorized user, and did not otherwise have any ownership interest in the credit card at issue, constituted an unfair and unconscionable act in violation of 15 U.S.C. § 1629f.

In addition to her allegations of statutory violations, McMullen alleged in her second amended complaint that McHughes invaded her privacy by revealing private financial facts. She alleged that McHughes "repeatedly and unlawfully" disclosed information about a "baseless, false and groundless consumer debt to the general public and third parties," and, thereby, invaded her privacy. McMullen contended that McHughes engaged in "highly offensive conduct" in the course of attempting to collect the debt. McMullen further asserted an action for malicious prosecution, alleging that McHughes "initiated civil proceedings . . . without probable cause, and without making a reasonably diligent inquiry into the facts or the legal basis of instituting a lawsuit, and without any knowledge of the truth or merit of the allegations contained within the lawsuit." According to her complaint, McHughes continued to

> vehemently, zealously, and fervently prosecute and pursued [sic] a course of malicious prosecution of civil proceedings . . . for a period of six (6) months after ascertaining unequivocal knowledge and information that the initial debt collection lawsuit was

brought without probable cause, and lacked a factual and legal basis and/or merit of allegations contained therein and against the wrong party.

Finally, McMullen requested damages for physical, mental, and emotional injuries suffered as a result of McHughes's conduct, statutory damages of $1000, and attorney's fees of $53,650 and costs of $3,118.92.

On November 18, 2013, McHughes filed an answer and a motion to dismiss McMullen's second amended complaint. Attached to McHughes's motion to dismiss were the following exhibits: information regarding ownership of the credit account; first demand letter and McHughes's case notes documenting two conversations with McMullen; copy of the complaint filed on behalf Precision against McMullen dated November 16, 2012; billing statement dated May 17, 2008; McMullen's answer, counterclaim, and motion to dismiss filed in the action with Precision; and a second statement of account. In its motion to dismiss, McHughes sought dismissal pursuant to Arkansas Rule of Civil Procedure 12(b)(6) (2012), contending that McMullen failed to set forth general facts upon which relief could be granted or that she failed to include specific facts pertaining to one or more elements of her claims. McHughes maintained that it did not use unfair or unconscionable means to collect a debt because the FDCPA does not impose a duty to independently investigate the validity of a certified amount of debt. McHughes contended that McMullen failed to show any violation of the FDCPA.

Additionally, McHughes contended that there was probable cause to file the Precision complaint based on the affidavit of Michael Crossan, vice president of operations for Precision. In his affidavit, Crossan swore that Owen McMullen and Lillie McMullen owed

the debt owned by Precision. With regard to the remaining state-law claims, McHughes asserted that a violation of the FDCPA does not create a cause of action for invasion of privacy. In addition, McHughes contended that under this court's opinion in *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 372 S.W.3d 324, the attorney immunity statute protects attorneys from civil liability from those not in privity of contract for actions taken during the course of their employment. In addition, McHughes maintained that McMullen's complaint failed to show that McHughes was "substantially certain" it lacked the legal authority to intrude upon her privacy by filing the lawsuit. McHughes further asserted that because McMullen alleged that she did not owe the debt, she could not maintain a cause of action for revelation of private facts. Finally, McHughes asserted that McMullen's malicious-prosecution claim failed on its face because she had not alleged that McHughes acted with malice when it filed the debt-collection lawsuit.

McMullen responded to the motion to dismiss on November 22, 2013. Attached to her response were to following documents: an affidavit from Owen McMullen; a copy of the circuit court order dismissing Precision's claim against her; a copy of a letter from an attorney with McHughes regarding discovery in the debt-collection litigation; a copy of a GE Money Bank Credit Card Agreement; billing statements addressed to Owen McMullen; and a copy of the judgment in McMullen's favor against Precision.

At a hearing on McHughes's motion to dismiss, the circuit court stated that it would not consider anything beyond the complaint. On December 16, 2013, the circuit court entered an order dismissing McMullen's complaint. In its order, the circuit court stated that

SLIP OPINION

it considered the motion to dismiss, the response, arguments of counsel, "and all other matters properly before it," in granting McHughes's motion to dismiss. McMullen filed a motion for reconsideration on December 16, 2013, to which McHughes responded on December 26, 2013.[2] On January 9, 2014, McMullen appealed the order dismissing her complaint. For reversal, McMullen contends that the circuit court erred in dismissing her complaint because the FDCPA and the AFDCPA contemplate an action based on false statements contained in a debt-collection pleading. She contends that the fact that the underlying debt-collection lawsuit against her was dismissed is proof that McHughes's statements in connection with filing that lawsuit were false. She also maintains that the circuit court improperly dismissed her state-law claims for invasion of privacy and malicious prosecution.

## II. *Standard of Review*

We review a trial court's decision on a motion to dismiss pursuant to Arkansas Rule of Civil Procedure 12(b)(6) by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *Biedenharn v. Thicksten*, 361 Ark. 438, 441, 206 S.W.3d 837, 840 (2005). When matters outside the pleadings are presented and not excluded by the circuit court, a motion to dismiss will be treated as a motion for summary judgment. *Travis Lumber Co. v. Deichman*, 2009 Ark. 299, at 23, 319 S.W.3d 239, 253; *see also Ruth R. Remmel Revocable Trust v. Regions Fin. Corp.*, 369 Ark. 392, 402, 255 S.W.3d 453, 461 (2007). Upon reviewing a trial court's decision on a summary-judgment motion, we examine the record to determine if genuine issues of material fact exist. A party

---

[2]On January 21, 2014, the circuit court denied McMullen's motion for reconsideration.

is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" on the issue set forth in the party's motion. *Scottsdale Ins. Co. v. Morrowland Valley Co., LLC*, 2012 Ark. 247, at 8, 411 S.W.3d 184, 190 (citing Ark. R. Civ. P. 56(c)(2) (2011)). The burden of proving that there is no genuine issue of material fact is upon the moving party. *Id.*

On appellate review, we must determine whether summary judgment was proper based on whether the evidence presented by the moving party left a material question of fact unanswered. *Id.* We view the proof in the light most favorable to the party resisting the motion, resolving any doubts and inferences against the moving party, to determine whether the evidence left a material question of fact unanswered. *Id.* at 8–9, 411 S.W.3d at 190. In addition, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. Ark. R. Civ. P. 8(a)(1).

### III. *FDCPA and AFDCPA*

The FDCPA was enacted "to eliminate abusive debt collection practices," and imposes civil liability on debt collectors for certain prohibited debt-collection practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010). McMullen asserts that McHughes violated the following prohibitions set forth in 15 U.S.C. § 1692d, 1692e and 1692e(10), and 1692f:

§ 1692d. Harassment or abuse
A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.
 . . .
§ 1692e. False or misleading representations
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of
  (A) the character, amount, or legal status of any debt; or
  (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt.
. . . .
§ 1692f. Unfair practices
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

McMullen's § 1692 claims are all based upon the same conduct, namely, McHughes's drafting and filing in state court a complaint against her alleging that she owed a debt to its client. At the outset, we note that although McMullen has cited to the AFDCPA, she makes no arguments concerning the application or interpretation of that statute. On appeal, she contends that the AFDCPA is largely modeled on the FDCPA and should be interpreted similarly. Because McMullen does not make any separate arguments concerning the AFDCPA, and she concedes that it should be interpreted similarly to the FDCPA, we will apply only the FDCPA.[3] We will not develop an issue for a party at the appellate level. *Alexander v. McEwen*, 367 Ark. 241, 248, 239 S.W.3d 519, 524 (2006).

_____

[3]That is not to say that we adopt McMullen's proposition that the AFDCPA and the FDCPA should always be interpreted similarly. Rather, we simply leave the question of whether the AFDCPA differs from the FDCPA for another day because neither party presents any argument on that point.

SLIP OPINION

Turning to McMullen's FDCPA claims, we note that the FDCPA applies to "attorneys who 'regularly' engage in consumer–debt-collection activity, even when that activity consists of litigation." *Born*, 2010 Ark. 292, at 15, 372 S.W.3d at 334 (citing *Heintz v. Jenkins*, 514 U.S. 291 (1995)). McHughes does not dispute that it is a debt-collection law firm and is authorized to conduct business as a debt collector in Arkansas. Thus, McHughes does not enjoy any blanket immunity for its litigation activities as a debt collector and is subject to the provisions of the FDCPA.

Despite the fact that McHughes does not enjoy any blanket immunity for its litigation practice as a debt collector in this context, that does not relieve McMullen of her fact-pleading obligation. For instance, McMullen contends that McHughes violated §§ 1692f, 1692e(2), and 1692e(10) by attempting to collect a debt in an improper amount. However, her second amended complaint, which did not incorporate her previously filed complaint, does not state any facts concerning the amount McHughes attempted to collect, nor does it state any facts supporting her assertion that the amount was improper—aside from her blanket contention that she owed no debt at all. Likewise, McMullen failed to allege any facts to support her claim that McHughes attempted to collect on a debt that was barred by the statute of limitations. McMullen failed to set out any facts regarding when she contended that statute expired. On this point, the only fact McMullen alleged in her second amended complaint was that McHughes filed a lawsuit on November 16, 2012.

Further, McMullen claimed that McHughes acted unfairly and unconscionably in violation of the FDCPA by "making a demand for an improper amount, and filing a lawsuit

as coercion to collect a debt." Again, McMullen fails to allege any specific facts regarding why the amount claimed by McHughes was improper, other than her assertion that she did not owe a debt. She also fails to provide any facts to support her contention that McHughes filed the lawsuit as coercion to collect a debt. She makes a conclusory statement that McHughes filed the lawsuit "at a time when [she] was most vulnerable to coercion and financial intimidation . . . in order to extort the maximum financial settlement." However she offers no facts to support her contention that she was "vulnerable to coercion and financial intimidation."

We now turn to McMullen's two remaining claims under the FDCPA: (1) that McHughes violated §§ 1692e(2) and (10) by attempting to collect a debt not owed, and (2) that McHughes violated §§ 1692f and 1692e(2) and (10) by filing a lawsuit without probable cause. In her second amended complaint, McMullen alleged the following facts:

> 6. At the time of the incident described herein, [McHughes] was a debt collection law firm in Little Rock, Arkansas attempting to collect a "debt" . . . and was authorized to conduct business in the State of Arkansas as a "debt collector/debt buyer . . . ."
> . . .
> 8. [McHughes] . . . caused to be filed an illegal, frivolous and meritless lawsuit against [McMullen] on November 16, 2012 in the District court of Pulaski County, Arkansas–Sherwood Division, asserting a consumer debt that lawfully owed, due, and payable;
> . . .
> 10. After many months of contentious legal arguments . . . Judge Timothy D. Fox signed and entered an Order on August 28, 2013 dismissing the original lawsuit brought by [McHughes] on behalf of Precision to recover an alleged consumer debt, in [McMullen]'s favor.
> 11. [McMullen]'s ex-husband Owen McMullen, incurred a financial obligation . . . sometime before 1983. Said account was being used for personal, family, or household purchases during the time of his marriage to [McMullen] on July 2, 1983, and at all times after their divorce . . . on December 17, 1987. [McMullen] denied ever having jointly held, owned, used or made any charges on any credit card account issued to her ex-spouse at anytime;

. . .

13. [McHughes] filed a lawsuit against [McMullen] on November 16, 2012, as a means of collecting a debt without verification of, or conducting an adequate investigation into the facts and circumstances surrounding the validity, correct ownership or correct and proper amount alleged due and payable as a consumer debt.

Arkansas's Rules of Civil Procedure make it clear that a pleading which sets forth a claim for relief "shall contain . . . a statement in ordinary and concise language of facts showing that the . . . pleader is entitled to relief[.]" Ark. R. Civ. P. 8(a). Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted." These two rules must be read together in testing the sufficiency of the complaint; we have stated with equal frequency that facts, not mere conclusions, must be alleged. *Arkansas Dep't of Envtl. Quality v. Brighton Corp.*, 352 Ark. 396, 403, 102 S.W.3d 458, 462–63 (2003).

Additionally, an amended complaint, unless it adopts and incorporates the original complaint, supersedes the original complaint. *Farmers Union Mut. Ins. Co. v. Robertson*, 2010 Ark. 241, at 5, 370 S.W.3d 179, 183. Here, McMullen's second amended complaint contained no language incorporating the original complaint. Moreover, her second amended complaint did not include the claims that McHughes violated the FDCPA by (1) refusing to validate the amount of the debt allegedly owed; (2) failing to provide copies of the original contract as requested; (3) failing to provide the address of the original creditor and information for disputing the validity of the alleged debt, and failing to include a "consumer warning" required by the FDCPA; and (4) sending written communications directly to McMullen despite knowing that she was represented by counsel. McMullen's second amended

complaint did not include her state law claims for negligence or abuse of process that were pleaded in her original complaint. Based on the lack of incorporation language and the significant differences in causes of action alleged in the original complaint and the second amended complaint, we conclude that McMullen's second amended complaint superseded her original complaint.

Here, McMullen's second amended complaint contains only conclusory allegations that McHughes violated the FDCPA by attempting to collect a debt in an improper amount, by attempting to collect a debt that was barred by the statute of limitations, or by committing an unfair and unconscionable act by making demand for an improper amount and filing a lawsuit as coercion to collect a debt. Even assuming that a cause of action exists under the FDCPA, we must affirm the circuit court's dismissal of McMullen's complaint for failure to offer sufficient proof of a cause of action under the FDCPA.[4]

## IV. *State Law Claims*

In addition to her FDCPA claims, McMullen asserts that the circuit court erred in dismissing her state-law claims. According to her second amended complaint, McHughes invaded her privacy by "unlawfully attempting to collect a debt and thereby invaded into [her] privacy." Likewise she alleged that McHughes "repeatedly and unlawfully disclos[ed] information about a baseless, false and groundless consumer debt to the general public and to other third parties, and thereby invaded [her] right to financial privacy." Finally, McMullen

---

[4]We need not answer the question of whether a cause of action exists under the FDCPA for statements made in court pleadings to conclude that McMullen has failed to allege sufficient facts under our own rules.

alleged that McHughes committed the tort of malicious prosecution by "initiating civil proceedings without probable cause and without making a reasonably diligent inquiry into the facts and legal basis of instituting a lawsuit, and without any knowledge of the truth or merit of allegations contained within a lawsuit, and against the wrong party." On this point, she further asserted that McHughes continued prosecuting its claim "for a period of six months after ascertaining unequivocal knowledge and information that the initial debt lawsuit was brought without probable cause . . . ."

> Arkansas Code Annotated section 16–22–310 provides, in relevant part:
>
> (a) No person licensed to practice law in Arkansas and no partnership or corporation of Arkansas licensed attorneys or any of its employees, partners, members, officers, or shareholders shall be liable to persons not in privity of contract with the person, partnership, or corporation for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by the person, partnership, or corporation, except for:
> (1) Acts, omissions, decisions, or conduct that constitutes fraud or intentional misrepresentations.

Ark. Code Ann. § 16–22–310(a)(1). On the record before us, McMullen has failed to plead facts sufficient to support her state-law claims. Thus, we need not reach the issue of whether Arkansas Code Annotated section 16–22–310(a)(1) applies. In other words, the circuit court did not err in dismissing her state-law claims, regardless of whether the attorney immunity statute applies.

Next, we address McMullen's state law claims sounding in tort. In *Dodrill v. Arkansas Democrat Co.*, 265 Ark. 628, 590 S.W.2d 840 (1979), this court adopted the approach of the Restatement (Second) of Torts, which delineates four separate torts grouped under "invasion

of privacy." *WalMart Stores, Inc. v. Lee*, 348 Ark. 707, 719, 74 S.W.3d 634, 644 (2002). The

Restatement defines liability for intrusion upon seclusion as follows:

> One who intentionally intrudes, physically or otherwise, upon the solicitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*Id.* at 720, 74 S.W.3d at 644. The privacy tort covers behavior harmful to the plaintiff even

though there is no injury to his reputation. *Id.* Intrusion has been recognized in Arkansas as

one of the four actionable forms of invasion of privacy. *Id.* at 720, 74 S.W.3d at 644.

Intrusion is the invasion by one defendant upon the plaintiff's solitude or seclusion. *Id.* An

intrusion occurs when an actor believes, or is substantially certain, that he lacks the necessary

legal or personal permission to commit the intrusive act. *Id.* at 721, 74 S.W.3d at 645.

McMullen's second amended complaint does not allege any facts to show that

McHughes's intrusion was highly offensive. Instead, she makes the conclusory statement that

the act of filing a lawsuit to collect a debt that she disputed is highly offensive. The lawsuit

was filed after McHughes obtained an affidavit stating that McMullen owed the debt.

Without pleading any facts to support her conclusory statements that McHughes did not

conduct an investigation into the facts asserted in the affidavit, McMullen's complaint fails to

allege facts to show that McHughes's conduct was highly offensive. Likewise, McMullen

alleges that McHughes "repeatedly" disclosed information about a "baseless, false, and

groundless consumer debt to the general public and to other third parties," but she fails to

point to any specific instance, outside the complaint filed in circuit court, in which McHughes

disclosed any information concerning the debt. In sum, McMullen has failed to allege facts to support her conclusory statements that McHughes's conduct was highly offensive.

McMullen's second privacy claim is that McHughes publicly disclosed private facts about her finances. Public disclosure of private facts is publicity of a highly objectionable kind, given to private information about the plaintiff, *even though it is true* and no action would lie for defamation. *Dunlap v. McCarty*, 284 Ark. 5, 9, 678 S.W.2d 361, 364 (1984) (emphasis added). Throughout the debt-collection litigation, McMullen maintained that the allegation of debt was false. In her second amended complaint, she stated that McHughes filed an action to collect a debt she did not owe. Therefore, McMullen has failed to allege facts that would amount to public disclosure of private facts because she contends that the facts disclosed were not facts at all but were false statements.

Finally, McMullen alleges that McHughes's debt-collection suit constituted malicious prosecution. In order to establish a claim for malicious prosecution, a plaintiff must prove the following five elements: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *Sundeen v. Kroger*, 355 Ark. 138, 142, 133 S.W.3d 393, 395 (2003). Malice can be inferred from lack of probable cause. *Id.* at 147, 133 S.W.3d at 398. Malice has been defined as any improper or sinister motive for instituting the suit. *Hollingsworth v. First Nat'l. Bank & Trust Co. of Rogers*, 311 Ark. 637, 640, 846 S.W.2d 176, 178–79 (1993) (citing *Cordes v. Outdoor Living Ctr., Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989)). Probable cause for prosecution must be based

upon the existence of facts or credible information that would induce the person of ordinary caution to believe the accused person to be guilty of the crime for which he is charged. *Id.* at 640, 781 S.W.2d at 179. Ordinary caution is a standard of reasonableness, which presents an issue for the jury when the proof is in dispute or subject to different interpretations. *Id.*

The record demonstrates that in her second amended complaint, McMullen pleaded no facts bearing on the background for McHughes to file the debt-collection action. Merely stating that McHughes's actions were malicious and that McHughes lacked probable cause is not sufficient to meet the pleading requirements of Arkansas Rule of Civil Procedure 8(a)(1). *See id.* The mere act of filing suit against a third party should not give rise to attorney liability. *Born*, 2010 Ark. 292, at 8–9, 372 S.W.3d at 331.

In conclusion, the fact that McHughes does not enjoy any blanket immunity for its litigation practice as a debt collector does not relieve McMullen of her fact-pleading obligation under Rule 8. A complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Arkansas State Claims Comm'n v. Duit Constr. Co.*, 2014 Ark. 432, at 6, 445 S.W.3d 496, 501. McMullen's complaint states mere conclusions that McHughes's filing of the debt-collection lawsuit violated the FDCPA or the AFDCPA. The fact that the underlying debt-collection lawsuit was dismissed is not evidence that McHughes's pursuit of Precision's unpaid account in litigation violated statutory prohibitions targeted at abusive prelitigation practices. Moreover, McMullen failed to allege facts to establish various elements of her state-law claims. Accordingly, we hold that the circuit court did not err in dismissing McMullen's second amended complaint.

Affirmed.

*Cook Law Firm*, by: *Harold F. Cook*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellee.