# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1134

_____

Calvin Carrick

*Plaintiff - Appellant*

v.

Jennifer Freeman, Individually and in her Official Capacity as a Police Officer for the City of Little Rock; Donna Lesher, Individually and in her Official Capacity as a Police Officer for the City of Little Rock; Ronald Morgan, Individually and in his Official Capacity as a Police Officer for the City of Little Rock; Stuart Thomas, Individually; Kenton Buckner, in his official capacity as former and current Chief of Little Rock Police; City of Little Rock, a municipality

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 3, 2018
Filed: January 10, 2018
[Unpublished]

_____

Before GRUENDER, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Calvin Carrick appeals from the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action challenging the legality of his 2012 traffic stop, arrest, and prosecution in Little Rock, Arkansas. We limit our review to Carrick's claims against Little Rock Police Officer Jennifer Freeman, as he does not contest the dismissal of the other defendants. See Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (issue is deemed abandoned on appeal when not discussed in brief).

Following the traffic stop, Carrick was charged and convicted in state court for obstruction, resisting arrest, and improper license plate display. Although these charges were later nolle prossed, during his state court appeal, we conclude that the fact of his convictions prevents him from proving both that the traffic stop and arrest were not supported by probable cause, and that Freeman violated his rights by participating in his prosecution. See Spirtas Co. v. Nautilus Ins. Co., 715 F.3d 667, 670-71 (8th Cir. 2013) (this court may affirm on any basis supported by the record); Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012) (summary judgment reviewed de novo); Malady v. Crunk, 902 F.2d 10, 11-12 (8th Cir. 1990) (conviction is complete defense to § 1983 claim that plaintiff was arrested without probable cause); see also Brown v. Willey, 391 F.3d 968, 969 (8th Cir. 2004) (per curiam) (where state circuit court to which defendants appealed for trial de novo eventually dismissed charges for lack of speedy trial, initial convictions were nevertheless sufficient to prove probable cause because they were not subsequently overturned upon finding of innocence following trial on the merits); Sundeen v. Kroger, 133 S.W.3d 393, 394, 396-98 (Ark. 2003) (judgment of conviction by court of competent jurisdiction--even if later reversed--is conclusive evidence of existence of probable cause; holding that initial guilty verdict in Arkansas district court was unaffected by eventual nolle prossing of charges, and thus summary judgment was correct because

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

without lack of probable cause, plaintiff could not establish elements of malicious prosecution).

Accordingly, we affirm the judgment. <u>See</u> 8th Cir. R. 47B. We also grant appellees' motion to strike.

_____