# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2567

_____

Aaron Drew Binkley,        *
       *
         Appellant,        *
       *    Appeal from the United States
     v.        *    District Court for the Eastern
       *    District of Arkansas.
Entergy Operations, Inc.,      *
       *
         Appellee.        *

_____

Submitted: March 8, 2010
Filed: April 26, 2010

_____

Before BYE, ARNOLD, and COLLOTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After Aaron Binkley brought this action for breach of contract and promissory estoppel against his former employer, Entergy Operations, Inc., the district court[1] granted summary judgment against him on both claims. Mr. Binkley appeals the court's judgment against him on his promissory estoppel claim and we affirm.

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

I.

We view the evidence favorably to Mr. Binkley, the non-movant, as we must when reviewing a grant of summary judgment. *Mason v. Correctional Med. Servs., Inc.*, 559 F.3d 880, 884 (8th Cir. 2009). After working for many years at Entergy's Arkansas Nuclear One (ANO) facility, Mr. Binkley was terminated for falsifying his time sheets. As was the custom at the facility, he would complete his time sheets before the beginning of a pay period; he would then correct them if he was unable to work part of the time or, if it was too late to make corrections, he would use his vacation time to repay Entergy for the time that he had not worked. Mr. Binkley's previous supervisor had approved his timekeeping methods.

During the meeting at which he was terminated, Mr. Binkley's immediate supervisor, Howard Ridenour, and a human resources representative, Angela Kindrick, told him that he could seek relief through Entergy's Issue Resolution Policy (IRP) by presenting his "side" of the issue to a panel of employees and that if the panel agreed with him he "could get [his] job back." They also told him that, in the alternative, he could present his grievance through line management, which would consist of Mr. Ridenour, Mr. Ridenour's supervisor, and Jeff Forbes, the vice president in charge of ANO. Ms. Kindrick gave Mr. Binkley a copy of the IRP, which included a statement that Entergy's unit heads were "responsible for Implementation of a Panel decision." The IRP excluded from the "Issue Resolution program" terminations for "potential or actual unethical or illegal behavior" and stated that the panel could not "establish or alter Company policy ... or change work rules."

Mr. Binkley submitted the issue to a panel, asking for reinstatement and removal of related records from his personnel file, and the panel notified him that it had decided to "grant [his] requested resolution." Entergy, however, ultimately decided not to follow the panel's decision: Ms. Kindrick and another human resources employee told Mr. Binkley that Mr. Forbes was the final decisionmaker, and that he had said that Mr. Binkley's termination was excluded from the IRP and questioned Mr.

Binkley's trustworthiness based on the relevant time sheets. Employees could not work at the ANO nuclear facility without first being certified as trustworthy. Human Resources Director Becki Bressler attested in an affidavit that, after the panel made its decision, Mr. Forbes told her that Mr. Binkley's termination came within an exclusion from the IRP because it was for "potential or actual unethical or illegal behavior," and she admitted to having mistakenly told Mr. Binkley that his issue was "appropriate for review." Ms. Bressler added that Mr. Forbes told her that reinstatement of Mr. Binkley was contrary to company policy regarding discipline and absenteeism and that Mr. Binkley was not trustworthy.

## II.

Mr. Binkley does not challenge the district court's rejection of his contract claim, which was based on the written IRP. The court held that the IRP did not alter Mr. Binkley's at-will employee status and therefore any right that he had to reinstatement "would be meaningless because Entergy could reinstate him and immediately terminate him and be within its rights in doing so." But Mr. Binkley maintains that the district court erred in granting summary judgment on his claim of promissory estoppel. He contends that Ms. Kindrick's statement that he "could" get his job back and Ms. Bressler's assurance that his issue was reviewable, combined with the written IRP – particularly its statement giving unit heads responsibility for implementing panel decisions – constituted a promise that Entergy would follow the panel's decision. (We believe that the district court's rationale for granting judgment on the contract claim, if correct, might also dispose of the promissory estoppel claim, since both claims rely on an alleged promise to follow the panel's decision by reinstating him. But the district court did not adopt this rationale and we choose not to consider it further.)

The district court concluded that the claim was time-barred, but we may affirm on any ground, *see Bluehaven Funding, LLC v. First Am. Title Ins. Co.*, 594 F.3d 1055, 1058 (8th Cir. 2010), and do not reach the question of timeliness. We entertain

-3-

some considerable doubt that the record would support a finding that there was any promise here at all, which would of course be fatal to the claim; but even if there was a promise, we conclude that Mr. Binkley's claim fails for another reason.

The Arkansas Supreme Court places a heavy burden on a party relying on promissory estoppel: He or she "must prove it strictly, there must be certainty to every intent, the facts constituting it must not be taken by argument or inference, and nothing can be supplied by intendment." *K.C. Properties of N.W. Arkansas, Inc. v. Lowell Inv. Partners, LLC*, 373 Ark. 14, 30, 280 S.W.3d 1, 14 (2008); *Rigsby v. Rigsby*, 356 Ark. 311, 316-317, 149 S.W.3d 318, 322 (2004). Mr. Binkley was thus required to produce strict proof to support each element of his claim including, among other things, that he "suffered some detriment" in reliance on a promise that Entergy made. *See K.C. Properties* , 373 Ark. at 30-31, 280 S.W.3d at 14; *Rigsby*, 356 Ark. at 317, 149 S.W.3d at 322; Ark. Model Jury Instruction – Civil 2444.

Mr. Binkley asserts that he suffered detriment because he gave up his right to press his case up the management structure in reliance on the promise that, if he sought relief from the panel, its decision would be followed. Even if he relied on the alleged promise, Mr. Binkley has offered no evidence that his choice caused him any harm. He attested in his deposition that from the beginning he did not think that he could obtain relief by pursuing his grievance through line management: When told about the option, he was "concerned" that two of the three people in the chain of command were the same people who had decided to terminate him, Mr. Ridenour and Mr. Forbes. Had Mr. Binkley taken the line-management path, Mr. Forbes would have been the final decisionmaker. Mr. Binkley provided no proof that he would not have been fired if he had chosen not to submit his case to the panel. So he has not met his burden of showing that he suffered a detriment by not presenting his case to line management and, in fact, we think that the only tendency of the evidence is to show that he did not suffer any harm.

Nor do we see any merit to Mr. Binkley's contention that he suffered a detriment because, in reliance on the alleged promise, he "prepared and presented his case to the panel."  Mr. Binkley prepared some "bullet points" before presenting his case to the panel; he testified, "Basically, I talked from, from memory and from my heart."  Had he pursued the matter through line management, he no doubt would have had to tell his story and likely would have presented the same arguments, probably on more than one occasion.

"In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *See Godfrey v. Pulitzer Pub. Co.*, 276 F.3d 405, 412 (8th Cir. 2002) (internal quotation marks and citation omitted).  We conclude that Mr. Binkley failed to produce such evidence in support of a crucial element of his promissory estoppel claim, and therefore summary judgment against him was proper.

Affirmed.

_____