# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3383

_____

| | | |
|---|---|---|
| Peter John Grzeskowiak, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of North Dakota. |
| | * | |
| Geico Insurance, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 16, 2011
Filed: June 28, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Peter John Grzeskowiak appeals the district court's[1] adverse grant of summary judgment in this diversity lawsuit removed from state court. Grzeskowiak sued Geico Insurance (Geico) for breach of contract, fraud, and bad faith, alleging that Geico insured him when he was injured in a car accident, and refused to pay for all of his medical expenses and for his lost wages. He sought damages.

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

We affirm the grant of summary judgment.  See Bannister v. Bemis Co., 556 F.3d 882, 884-85 (8th Cir. 2009) (de novo standard of review).  Grzeskowiak failed to explain how Geico acted fraudulently, see Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (while pro se complaints are to be liberally construed, they must alleged sufficient facts to support claims advanced); and also failed to counter the evidence showing that there was no basis for his remaining claims, see Binkley v. Entergy Operations, Inc., 602 F.3d 928, 931 (8th Cir. 2010) (to survive summary judgment, non-moving party must present sufficient probative evidence of his claims to permit finding in his favor based on more than speculation or conjecture).  Finally, we find no abuse of discretion in the district court's denial of Grzeskowiak's motion to recuse. See Am. Prairie Constr. Co. v. Hoich, 594 F.3d 1015, 1021-22 (8th Cir. 2010) (judge is presumed impartial and party seeking disqualification bears substantial burden of showing otherwise; party must show judge had disposition so extreme as to reflect clear inability to render fair judgment).

Accordingly, we affirm, see 8th Cir. R. 47B, and we also deny Grzeskowiak's pending motion.

_____