SLIP OPINION

Cite as 2015 Ark. App. 192

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-1026

| | |
|---|---|
| FRANK BEECKMAN<br>APPELLANT | **Opinion Delivered** March 18, 2015 |
| V. | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT<br>[NO. JV2014-153] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>APPELLEES | HONORABLE ROBERT EDWARDS, JUDGE<br>AFFIRMED |

## BART F. VIRDEN, Judge

Appellant Frank Beeckman appeals from the White County Circuit Court's adjudication of dependency-neglect as to his three teenage children, M.B. (DOB: 2-22-1998), G.B. (DOB: 10-16-1999), and R.B. (DOB: 12-28-2001), on the bases of abuse, neglect, and parental unfitness. Beeckman argues that (1) the trial court violated his due-process rights by refusing to order the Arkansas Department of Human Services (DHS) to disclose what form of abuse he was accused of committing, (2) there was insufficient evidence to support a finding of dependency-neglect because the evidence showed that M.B. physically resisted reasonable discipline, and (3) the trial court should have converted the dependency-neglect case into a family-in-need-of-services (FINS) proceeding. We affirm.

### I. *Procedural History*

DHS filed a petition for emergency custody and dependency-neglect on June 26, 2014, alleging that Beeckman's children were dependent-neglected on the bases of abuse,

neglect, and parental unfitness.[1] Attached to the petition was an affidavit describing the facts leading up to the allegation of dependency-neglect. It provides under paragraph two:

> b. On June 24, 2014, Family Service Worker Laura Holmes received a phone call requesting assistance at the Beeckman home. FSW arrived at the scene at approximately 3:30 P.M.. Once at the home, FSW observed three police cars parked in the road, and Mr. Beeckman standing on the lawn in handcuffs. Mr. Beeckman stated that he did not hit his son, [M.B.], with a chair but had only tried to take the chair away from [M.B.]. Frank stated that [M.B.] hit him multiple times on his legs. Mr. Beeckman had no injuries. Mr. Beeckman stated his son, [G.B.], witnessed the entire thing and would explain what had happened. FSW went inside the home and found [G.B.], [M.B.], and [R.B.]. [G.B.] stated that [M.B.] was being made to do push-ups as a form of punishment by their father. [G.B.] stated that Frank was not satisfied with the way that [M.B.] was doing the push-ups and that he kicked him and told him to do it right and to stop being a baby. [G.B.] stated that [M.B.] then refused to do any more push-ups. [G.B.] stated that is when Frank took a rolling chair and started throwing it repeatedly at [M.B.] while [M.B.] was still on the floor. [G.B.] also stated that on 06/23/2014, his father, made him pull weeds in the yard from 5:00 P.M. to 11:00 P.M. and refused to allow him to come inside when a thunderstorm hit. FSW spoke with [M.B.] about the event and [M.B.] agreed to what his brother had previously stated and showed FSW the scratches on his right arm and on the side of his face. In addition [M.B.] added that approximately three days ago, his father, pulled his hair and slammed his head into the floor for not doing a push-up correctly. [M.B.] showed FSW the knot on the back of his head from the incident. [M.B.] also added that since he and his siblings have been out of school that his father, has only been allowing them one meal per day. FSW was concerned for the health and safety of the children and the Department of Human Services placed [M.B.], [G.B.], and [R.B.] on a 72-hour hold on 06/24/2014 at approximately 4:30 P.M., having removed them from their father's custody and care.[2]
>
> [c]. CHRIS history shows TRUE finding in 2007 for Cuts, Welts, and Bruises and Striking a Child age 7-18. Frank Beeckman is listed as offender.

---

[1]DHS also named the children's mother, Wendy Tugwood, in the petition. There was evidence that Tugwood and Beeckman divorced in 2004 and that Tugwood lives in Canada. Tugwood is not a party to this appeal.

[2]A CASA court report introduced as an exhibit at the hearing indicated that Beeckman was charged with third-degree battery and ordered to have no contact with his children.

3. The juveniles' health and safety are in danger due to the physical abuse by their father, Frank Beeckman.

## II. *Adjudication Hearing*

G.B. testified he or his siblings got punished every single day. The most common form of punishment was doing push-ups, and 100 push-ups was the standard number for misbehavior. On the day in question, M.B. did not do his assigned chore, which was washing dishes, and Beeckman ordered him to do push-ups. According to G.B., M.B. was either doing them incorrectly or not doing them fast enough, and Beeckman began kicking M.B. and then picked up an office chair with wheels and hit him multiple times. G.B. testified that, while M.B. may have been cursing at Beeckman while doing the push-ups, M.B. did not hit their father.

Detective Steven Cochran with the Searcy Police Department testified he took photos of the scene and M.B.'s injuries. Cochran stated he did not check for injuries to Beeckman.

M.B. testified he was doing his homework when Beeckman came home and told him to wash the dishes. When he did not immediately get up, his father threw him onto the floor and told him to do push-ups. M.B. testified Beeckman began kicking him in the stomach when he did not do them quickly enough and called him "stupid" and said he was "a moron" when he did not do them correctly. M.B. admitted cursing at his father but reasoned that his father was cursing at him as well. M.B. stated that, when he pushed a nearby office chair, his father grabbed the chair by its arms and began beating him with the chair's legs and wheels. When asked about his injuries, M.B. claimed, "I usually don't feel that much unless it really hurt real bad." M.B. stated he was "kind of" afraid of his father. M.B. conceded that

he had behavioral problems and had been in trouble at school, where he was in special-education classes.

The trial court ruled that, while parents have the right to discipline their children, they do not have the right to abuse their child for disciplinary reasons. In finding the children dependent-neglected, the trial court relied on the boys' testimony and photographs of M.B.'s injuries, which depicted "whelps, contusions and bruises." The judge did not believe Beeckman intended to inflict serious harm on M.B. The trial court found that, although Beeckman's actions were likely an emotional response, there was no excuse for striking M.B. with a chair.

### III.  *Standard of Review*

Adjudication hearings are held to determine whether the allegations in a petition are substantiated by the proof. Ark. Code Ann. § 9-27-327(a)(1) (Supp. 2013). Dependency-neglect allegations must be proved by a preponderance of the evidence. *Worrell v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 671, 378 S.W.3d 258. We will not reverse the circuit court's findings unless they are clearly erroneous. *Id*. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Moiser v. Ark. Dep't of Human Servs.*, 95 Ark. App. 32, 233 S.W.3d 172 (2006). In reviewing a dependency-neglect adjudication, we defer to the circuit court's evaluation of the credibility of the witnesses. *Worrell, supra*. The focus of an adjudication hearing is on the child, not the parent. *Id*.

IV. *Beeckman's Arguments*

A. Notice

Beeckman argues that the affidavit attached to the dependency-neglect petition alleged "physical abuse" but was deficient due to its failure to allege with specificity the "formulations" of the alleged abuse. He argues it was error for the trial court to not order DHS to specify what type of abuse he allegedly committed, somewhat akin to a "bill of particulars" from the realm of criminal law. Beeckman contends he had no notice and was forced to guess which parts of the "abuse" definition applied. Beeckman makes no argument with regard to parental unfitness, and he merely asserts—without developing an argument—that he was not "charged" with neglect.

The trial court found that the petition and affidavit put Beeckman on adequate notice of the allegations of abuse, neglect, and parental unfitness. We agree. The affidavit and petition were detailed and specific so as to advise Beeckman of the alleged conduct being asserted as abusive. While the trial court acknowledged that the "abuse" definition is "rather lengthy," it is apparent from the facts set forth in the affidavit which forms of abuse could have applied and which ones clearly did not. Beeckman relies on *Jackson v. Arkansas Department of Human Services*, 2013 Ark. App. 411, 429 S.W.3d 276, where this court reversed on a due-process argument when the appellant's parental rights were terminated on a ground not asserted in DHS's petition. *Jackson* is readily distinguishable. Here, while the affidavit mentions only physical abuse, the petition itself alleged abuse, neglect, and parental unfitness, and the trial court adjudicated the Beeckman children dependent-neglected based

5

on all three grounds as alleged in the petition.

## B.  Sufficiency of the Evidence

Beeckman argues there was insufficient evidence to prove dependency-neglect. He describes the claims by his sons as "dubious" and says they are not credible. Beeckman argues that he was faced with a large teenage boy who had a history of misbehavior, refused to do proper chores, and was "vilely cursing his father." According to Beeckman, M.B. initiated the physical confrontation in that he shoved the chair toward him. Beeckman asserts that he administered reasonable discipline and that the injury DHS relied on was so minor that M.B. did not realize he had sustained an injury.

"Dependent-neglected juvenile" means any juvenile who is at substantial risk of serious harm as a result of acts or omissions to the juvenile, a sibling, or another juvenile, including but not limited to, abuse, neglect, or parental unfitness. Ark. Code Ann. § 9-27-303(18)(A)(ii), (v) & (vi) (Supp. 2013). Section 9-27-303(3)(A) defines "abuse," in part, as "any nonaccidental physical injury." Ark. Code Ann. § 9-27-303(3)(A)(v).

The photos show that M.B. sustained physical injuries, and the trial court could reasonably conclude that Beeckman's striking M.B. repeatedly with a chair was not an accident. The trial court clearly believed the boys' testimony, and this court defers to the trial court's evaluation of the credibility of witnesses. *Worrell, supra*. The trial court was not required to believe Beeckman's assertion that his actions constituted physical discipline that was both reasonable and moderate, and therefore not "abuse." Ark. Code Ann. § 9-27-303(3)(C)(i). We cannot say the trial court clearly erred in adjudicating the Beeckman

6

children dependent-neglected due to abuse. Because any one of DHS's allegations would be sufficient to support a finding of dependency-neglect pursuant to Ark. Code Ann. § 9-27-303(18), we need not address the trial court's findings of neglect and parental unfitness.

## C. Family in Need of Services

Beeckman contends that his dependency-neglect case should have been converted to a FINS case. "Family in need of services" means any family whose juvenile evidences behavior that includes being habitually disobedient to the reasonable and lawful commands of his parent. Ark. Code Ann. § 9-27-303(24)(B). There may have very well been substantial grounds for a FINS case, but that bears no weight on the correctness of the dependency-neglect determination. While Beeckman suggests the two proceedings are mutually exclusive, he fails to explain how being a family in need of services precludes an adjudication of dependency-neglect. Nor does he cite any authority for his assertion. Assignments of error that are unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that they are well taken. *Sparrow v. Ark. Dep't of Human Servs.*, 101 Ark. App. 193, 272 S.W.3d 846 (2008). We decline to address this point.

Affirmed.

HARRISON and HIXSON, JJ., agree.

*Jeff Rosenzweig*, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor children.