
# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-16-925

| | |
|---|---|
| | **Opinion Delivered:** March 15, 2017 |
| LISA FAUSSETT AND ARVOL BATY, JR. APPELLANTS | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22JV-15-73] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN APPELLEES | HONORABLE TERESA FRENCH, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BART F. VIRDEN, Judge

This case involves the termination of parental rights. It comes to us as both the no-merit appeal of father Arvol Baty, Jr., and the merit appeal of mother Lisa Faussett. As to Baty, we affirm the termination of his parental rights and grant the attorney's motion to withdraw. As to Faussett's merit appeal concerning the Arkansas Department of Human Services' (the Department) untimely filing of the petition for the termination of her parental rights, we find no error, and we affirm.

### I. *Baty's No-Merit Appeal*

In compliance with *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6-9(i) (2016) of the Rules of the Arkansas Supreme Court and Court of Appeals, Baty's counsel has examined the entire supplemented record for adverse rulings. Counsel has listed the adverse rulings in this case and has adequately discussed why there is no arguable merit to an appeal on any of the identified adverse rulings.

Baty was provided a copy of his counsel's brief and motion, and he exercised his right to file pro se points on appeal. The Department and the attorney ad litem filed a joint-response brief asserting that Baty failed to raise the points to the circuit court, and they cannot be alleged for the first time on appeal. In their response, they also assert that Baty asks this court to act as a fact-finder and to reweigh the evidence, which is not the function of the appellate court. *See K.C. v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 353, 374 S.W.3d 884.

After carefully examining the pro se points filed by Baty, the record, the no-merit brief, and the response brief, we hold that Baty's counsel has complied with the requirements for no-merit, parental-termination appeals and that the appeal is wholly without merit. Accordingly, by memorandum opinion, we affirm the termination of Baty's parental rights to A.B. and J.B. *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985); Ark. Sup. Ct. R. 5-2(e) (2013). We also grant counsel's motion to withdraw from representation of Baty.

II. *Faussett's Appeal of the Denial of her Motion to Dismiss*

We now turn to Lisa Faussett's appeal. Faussett does not challenge the sufficiency of the circuit court's finding that statutory grounds existed such that termination of her parental rights was warranted, nor does she challenge the circuit court's finding that it was in the best interest of the children to terminate her parental rights. On appeal, Faussett asserts that the circuit court erred in denying her motion to dismiss the Department's petition to terminate her parental rights because the petition was filed late. We find no merit in her argument, and we affirm.

A brief recitation of the facts of the case is helpful in understanding the issue concerning the timeliness of the petition for termination. On February 2, 2015, the Department filed a petition for emergency custody and dependency-neglect in the Desha County Circuit Court. In its petition, the Department requested that the court order the removal of M.F. (b. 2/25/00), D.F. (b. 1/23/03), J.B. (b. 8/24/06), and A.B. (b. 10/23/07) from their home. In the attached affidavit, the family service worker stated that a 72-hour hold had been placed on the children on January 29, 2015, based on educational neglect and failure to protect. On February 3, 2015, an ex parte order for emergency custody was issued, removing the children from the home in order to protect their health and safety. The circuit court entered an order on March 30, 2015, in which it found that there was probable cause that emergency conditions existed such that immediate removal of the juveniles from Faussett's custody was necessary. The case was transferred to Drew County on April 2, 2015.

On April 14, 2015, the Drew County Circuit Court entered an order in which it found that the children were dependent-neglected, that the juveniles had been subjected to parental unfitness, and that they were at a substantial risk of serious harm due to exposure to illegal drugs, inadequate housing, and educational neglect.

In the September 29, 2015 review order, the circuit court noted that it heard testimony from caseworker Shanna Jefferson that Faussett had been cooperative with the Department, but neither Faussett nor Baty had complied with the case plan.

The permanency-planning hearing took place on January 15, 2016. In the order entered February 3, 2015, the circuit court found that A.B. and J.B. were still in need of

services and that they should remain in the care of the Department.[1] The circuit court found that both parents were incarcerated at the time of the hearing, specifically, Faussett was incarcerated for failing to appear at a criminal hearing involving charges of endangering the welfare of a minor (M.F.), and introducing a controlled substance (methamphetamine) into the body of a minor. The circuit court changed the goal of the case to termination of parental rights and adoption.

The Department filed the petition for termination on March 24, 2016. The Department pointed to four statutory grounds supporting termination, and it listed specific facts to support each ground. The Department argued that there was potential for harm if the children were returned to their parents' custody, citing the issues related to the criminal charges for which Faussett and Baty were currently incarcerated and citing their failure to comply with the orders of the court and the case plan. The Department asserted that termination was in the children's best interest and that the children had been cleared for adoption.

On June 22, 2016, Faussett filed a motion to dismiss, arguing that because the petition for the termination of parental rights was untimely filed—39 days late—the petition must be dismissed. At the termination hearing on July 12, 2016, Faussett renewed her motion to dismiss and argued that because no remedy was stated in the statute, dismissal was the only appropriate action. The Department responded that the statute does not provide for dismissal, or any other course of action if the petition to terminate parental rights is filed

---

[1] During the course of the case, Ernest Faussett, the father of M.F. and D.F., was awarded custody of his children.

late. The Department also argued that Faussett's proposed remedy was extreme and not in the best interest of the children. The circuit court denied the motion to dismiss and stated from the bench:

> I do find that that's just an extreme remedy. You are right. It does not set out a remedy. It would be dismissed. It would be refiled, and we would be right back here. We were here thirty days ago, so I do think it's an extreme remedy, and it is in the best interest of the children for us to go forward.

The circuit court entered its order terminating Baty and Faussett's parental rights on July 28, 2016. The circuit court found that the statutory grounds alleged in the petition had been proved and that it was in the children's best interest to terminate parental rights, considering the likelihood that they would be adopted and the potential for harm if returned to their parents' custody. Faussett filed a timely notice of appeal.

Faussett's argument concerning the dismissal is fourfold. First, Faussett argues that the timing of the filing of the petition is an integral part of the "larger scheme" and that because other aspects of the statutes dealing with the termination process are enforced, this statute should be enforced as well. Second, she argues that by refusing to grant her motion to dismiss, the circuit court rendered Ark. Code Ann. § 9–27–338(g)(Repl. 2015) meaningless. Third, Faussett asserts that statutory deadlines that apply to parties are traditionally enforced by our courts, as opposed to statutory deadlines that apply to judicial functions, which are not always enforced despite mandatory language. Fourth, Faussett argues that, even though she suffered prejudice when the circuit court denied her motion to dismiss, she is not required to show that prejudice occurred, because prejudice is presumed.

We find no merit in these arguments, and we affirm.

 

### A. Dependency-Neglect Statutes as a Whole

Without developing her argument, Faussett cites to our case law where we have interpreted Ark. Code Ann. § 9-27-341 and Ark. Code Ann. § 9-27-325 to support her assertion that "each [statute] plays a unique role in a larger scheme"; however, Faussett does not cite to any authority to support her argument that "dependency-neglect statutes cannot be viewed in a vacuum" nor was this specific argument raised and developed below, making it impossible for us to review on appeal. *See Andrews v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 22, at 9, 388 S.W.3d 63, 68 ("A party cannot change her argument on appeal and is bound by the scope of her arguments made to the circuit court. Even in termination cases, we will not address arguments raised for the first time on appeal."). We decline to review this facet of Faussett's appeal.

### B. Plain Language of the Statute

Faussett argues that the circuit court erred in denying her motion to dismiss because the plain language of Ark. Code Ann. § 9-27-338(g) indicates that the petition to terminate parental rights shall be filed within thirty days of the permanency-planning hearing. We disagree, and on this point we affirm. The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Gerber Prod. Co. v. Hewitt*, 2016 Ark. 222, at 8, 492 S.W.3d 856, 862. In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. This court construes the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id*.

Arkansas Code Annotated section 9-27-338(g) sets forth that the petition to terminate parental rights shall be filed within thirty days of the permanency-planning hearing. This section does not require that a permanency-planning hearing be held as a prerequisite to the filing of a petition to terminate parental rights or as a prerequisite to the court's consideration of a petition to terminate parental rights. *See* Ark. Code Ann. § 9-27-341 (b)(1)(B).

In the present case, the permanency-planning hearing took place on January 15, 2016, and the Department filed its petition to terminate on March 24, 2016—sixty-nine days later.

In a recent case, *Newman v. Arkansas Department of Human Services*, we addressed the issue of late filing where the language of the statute is mandatory and *cited Hill v. Arkansas Department of Human Services* to demonstrate our history of refusal to enforce the mandatory language when there is no remedy or sanction provided by the General Assembly and when no prejudice has been shown by appellant:

> [In *Hill*] the appellant argued that the trial court erred in denying her motion to dismiss for failing to hold the termination hearing within ninety days after the filing of the termination petition in violation of Arkansas Code Annotated section 9-27-341(d). The appellant argued that because of the violation, the trial court lost jurisdiction to hear the petition after the ninety-day period had expired. We disagreed, holding that while the applicable statute spoke in mandatory terms, a loss of jurisdiction did not follow because the General Assembly did not provide a sanction for an untimely filing and because there was no evidence that such a result was intended. Accordingly, we held that the failure of the trial court to hold the termination hearing within ninety days of the filing of the petition did not deprive the trial court of jurisdiction. We also concluded that reversal was not appropriate in the absence of a showing of prejudice resulting from the delay.

*Newman*, 2016 Ark. App. 207, at 9, 489 S.W.3d 186, 192 (internal citations omitted) (citing

*Hill*, 2012 Ark. App. 108, 389 S.W.3d 72)

Faussett points out that she does not argue that the circuit court lost jurisdiction when

the thirty days to file the petition expired. Instead she argues that the circuit court should

have afforded a second permanency-planning hearing, a much less drastic remedy and

thereby distinguishing this case from *Newman* and other cases where lack of jurisdiction was

argued. We disagree. As we held in *Hill*, there is no indication that the General Assembly

intended the remedy the appellant urges. In the present case, Faussett requested dismissal of

the petition and asked the court to set a second permanency-planning hearing. As is clear in

Ark. Code Ann. § 9-27-341(b)(1)(B), even a first permanency-planning hearing is not

required, and thus, as in *Hill* and *Newman*, the remedy appellant argues should have been

applied was clearly not intended by the General Assembly; therefore, it cannot be said that

the circuit court erred in refusing to dismiss the petition and set a new permanency planning

hearing. Without statutory language to provide for a remedy, the circuit court's best-interest

determination to deny Faussett's motion to dismiss must be affirmed.

### C. Prejudice

Faussett argues that, even though she is not required to show that she suffered

prejudice from the circuit court's decision to deny her motion to dismiss, the circuit court's

decision did result in prejudice and should be reversed. Faussett's argument is not well taken.

Faussett argues that this court's decision in *Hardy v. Arkansas Department of Human

Services*, 2009 Ark. App. 751, 351 S.W.3d 182, sets forth that prejudice need not be proven.

We disagree. In *Hardy*, the issue was whether the circuit court erred when it sua sponte

ordered that no reunification services would be given to the parents and awarded custody to Hardy's parents when there had been no material change in circumstances. The Department and attorney ad litem acknowledged that Ark. Code Ann. § 9-27-329 requires that at least fourteen days' notice must be given to parents prior to the hearing on the issue of whether reunification services would be ordered and that Hardy had not received notice. This court noted that the language requiring notice was mandatory, and it reversed and remanded based on the plain language of the statute. Faussett correctly points out that our court did not discuss whether Hardy had been prejudiced by the circuit court's decision, but we hold that *Hardy* is distinguishable from the present case.

Notice has long been held in termination cases to be an understood due-process issue. *See Jackson v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 411, at 7, 429 S.W.3d 276, 280 ("Due process dictates that Jackson be afforded an opportunity to properly defend the allegations against him prior to terminating his parental rights."). In *Mayberry v. Flowers*, 347 Ark. 476, 65 S.W.3d 418 (2002), our supreme court held that due process requires, at a minimum, notice reasonably calculated to afford a natural parent the opportunity to be heard prior to parental rights being terminated. Faussett makes no argument that she did not have notice of the termination, and her comparison of the late filing of the petition to terminate in the present case to the cases where parents were not afforded notice of possible termination is not well taken.

In *Newman*, this court specifically rejected the argument that the delay in filing the termination petition was prejudicial to the parents: "To the contrary, the delay was a benefit to the Newmans because they were afforded an additional five months to work the case

plan and receive DHS services. Accordingly, we hold that the trial court did not abuse its discretion in denying the Newmans' motion to dismiss." *Newman*, 2016 Ark. App. 207, at 10. Similarly, despite Faussett's argument to the contrary, she was afforded more time to work on the case plan.

Furthermore, termination cases are unique civil cases because time is viewed from the juvenile's perspective, and the best interests of the children take precedence at every stage of the proceedings. Ark. Code Ann. §§ 9-27-341(a)(3),-102. That is exactly what happened in the instant case. The circuit court made a reasoned, thoughtful decision about the motion to dismiss as seen from the juveniles' perspective, taking into account their best interest. Faussett was incarcerated for charges stemming from providing methamphetamine to her minor child. She failed to comply with the case plan throughout the process, and she does not argue that the termination of her parental rights was in error in regard to the sufficiency of the evidence. We find no error in the circuit court's decision to proceed with the termination hearing in order to provide stability for the children involved, and we affirm.

Affirmed; motion to withdraw granted.

ABRAMSON and GLADWIN, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant Lisa Faussett.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant Arvol Baty, Jr.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.