

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-17-202

GABRIELLE POTTERTON

APPELLANT

V.

ARKANSAS DEPARTMENT OF HUMAN
SERVICES AND MINOR CHILD

APPELLEES

**Opinion Delivered:** September 20, 2017

APPEAL FROM THE
WASHINGTON COUNTY
CIRCUIT COURT
[NO. 72JV-16-796]

HONORABLE STACEY
ZIMMERMAN, JUDGE

AFFIRMED

### RITA W. GRUBER, Chief Judge

Gabrielle Potterton appeals from the Washington County Circuit Court's adjudication and disposition order entered on December 27, 2016, in this dependency-neglect case. She does not challenge the court's finding of dependency-neglect. Her sole point on appeal is that the circuit court's sua sponte finding of aggravated circumstances violated her right to due process. We hold that appellant did not preserve this issue for appeal, and we affirm the circuit court's order.

The Arkansas Department of Human Services (DHS) placed a seventy-two-hour hold on B.N. (born on May 25, 2016) on October 12, 2016, after the child was taken to Arkansas Children's Hospital due to a bump on his head. Doctors at the hospital discovered that he had a bilateral skull fracture, a subdural hematoma, and bruising on his face and hands. Doctors also discovered that B.N. had older injuries, including rib fractures that dated back three to six weeks. The circuit court issued an order for emergency custody on October

17, 2016. In the court's probable-cause order, entered on October 19, 2016, it ordered appellant to have no contact or visitation with B.N.

The court entered an adjudication and disposition order on December 27, 2016, finding beyond a reasonable doubt that B.N. was dependent-neglected as a result of neglect, physical abuse, and parental unfitness. The court specifically found by clear and convincing evidence that appellant had caused the injuries to B.N. Finally, the court found by clear and convincing evidence that appellant had subjected B.N. to aggravated circumstances. The court set the goal of the case as reunification with a concurrent goal of adoption.

Appellant's sole point on appeal is that the court erred in finding aggravated circumstances where DHS did not file any pleadings alleging aggravated circumstances and, thus, that she was not on notice that she needed to defend against such a finding. She alleges that this violated her right to due process.

We have held in termination cases that due process demands that a parent be notified of the grounds that may constitute a basis for termination; at a minimum, it requires notice reasonably calculated to afford a natural parent the opportunity to be heard prior to termination of his or her parental rights. *Dornan v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 355, at 16 (citing *Jackson v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 411, 429 Ark. App. 276 (reversing because Jackson was not placed on notice that he must defend against a particular ground on which the circuit court based termination: the department never specifically argued that the circuit court should rely on the ground, the circuit court took the matter under advisement without ruling from the bench, and the first specific mention of this ground was in the circuit court's order terminating parental rights)). The

dependency-neglect statute governing requests for "no reunification services" also requires the motion requesting the hearing to "identify sufficient facts *and grounds* in sufficient detail to put the defendant on notice as to the basis of the motion." Ark. Code Ann. § 9-27-365 (Repl. 2015) (emphasis added). Although the order appealed from in this case was neither an order of termination nor an order for no reunification services, the proceedings and orders pertaining to the termination of parental rights "build on one another," and the findings of previous hearings are elements of subsequent hearings. *Neves da Rocha v. Ark. Dep't of Human Servs.*, 93 Ark. App. 386, 393, 219 S.W.3d 660, 664 (2005).

The focus of an adjudication hearing is on the child, not the parent. *Seago v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 767, at 28, 360 S.W.3d 733, 747. At this stage of a proceeding, the juvenile code is concerned with whether the child is dependent-neglected. *Id.* An adjudication of dependency-neglect occurs without reference to which parent committed the acts or omissions leading to the adjudication; the juvenile is simply dependent-neglected. *Id.* In the case at bar, the petition for emergency custody and dependency-neglect did not specifically allege aggravated circumstances, but DHS's evidence at the adjudication hearing suggested that B.N.'s injuries were attributable to appellant. Testimony was introduced that criminal charges were pending against appellant for first-degree domestic battery as a result of an investigation into B.N.'s injuries; that appellant had signed a confession admitting to actions that might have injured B.N.; and that there had been a true finding issued against appellant with B.N. as the victim "for cuts, bruises, welts, bone fracture, throwing and striking, brain damage, and skull fracture." Appellant's attorney began her closing argument to the court with the following statement:

SLIP OPINION

"We can't obviously deny the child was injured, but we do deny that he was injured at the hand of Gabrielle Potterton." She concluded her argument as follows: "So we would ask that the court, of course, follow the recommendations of DHS, but to not find that the mother committed these acts in the adjudication order, and let the criminal action handle that matter."

The court then issued oral rulings, which included the following statements: "And, Mom, I don't have to wait for your criminal case to find by clear and convincing evidence that you've subjected your child to aggravated circumstances. No doubt in my mind that you did. Clear and convincing evidence I find that you, ma'am, caused the skull fractures to his head." Appellant did not object. And when, at the conclusion of the hearing, the court asked if appellant "had anything else," appellant's attorney said, "No, Your Honor."

Because appellant failed to raise or develop this issue in the circuit court, and noting particularly her failure to object to the court's clear finding of aggravated circumstances at the adjudication hearing, we hold that appellant's argument is not preserved for appeal.[1] It is well settled that with the notable exception of matters involving subject-matter jurisdiction, we will not consider issues raised for the first time on appeal, even when the issue is a matter of constitutional magnitude. *Maxwell v. Ark. Dep't of Human Servs.*, 90 Ark. App. 223, 234, 205 S.W.3d 801, 808 (2005); *see also Walters v. Ark. Dep't of Human Servs.*, 77 Ark. App. 191, 72 S.W.3d 533 (2002) (holding that failure to raise the challenge below

---

[1]Unlike in this case, in *Jackson*, *supra*, the court's order terminating parental rights was the first time the ground relied on in that case was ever mentioned.

is fatal to the appellate court's consideration on appeal; even constitutional issues will not be considered when raised for the first time on appeal).

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Dusti Standridge*, for appellant.

*Mary Goff*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor child.