Cite as 2024 Ark. App. 508

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-24-333

| | |
|---|---|
| OTAYSHA BROOKINS | Opinion Delivered October 23, 2024 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TENTH DIVISION |
| V. | [NO. 60JV-22-331] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE SHANICE JOHNSON, JUDGE |
| APPELLEES | |
| | REVERSED AND REMANDED |

## STEPHANIE POTTER BARRETT, Judge

Appellant, Otaysha Brookins, appeals from the decision of the Circuit Court of Pulaski County terminating her parental rights to MC1 and MC2. Brookins alleges the circuit court erred in (1) terminating her parental rights when no petition for termination was on file; (2) terminating her parental rights on the grounds of failure to remedy, subsequent factors, and aggravated circumstances; and (3) finding it was in the children's best interest to terminate her parental rights. We agree with Brookins's first argument on appeal and reverse and remand the termination-of-parental-rights order.

Otaysha Brookins is the biological mother of two male children, MC1, born July 28, 2017; and MC2, born June 24, 2021. Deonte Goodloe is MC2's putative father. In the early-morning hours of May 25, 2022, officers were called to Brookins's residence where Brookins told officers that her boyfriend, Goodloe, had pistol whipped her, threatened to

kill her, and beat her with a broom and a belt. She stated that while she was lying in bed with eleven-month-old MC2, Goodloe had also hit MC2's head with the pistol, knocking him off the bed and causing him to vomit. MC2 was transported to Arkansas Children's Hospital for further medical evaluation due to a knot on his forehead and bruising on the back of his neck. Brookins was also treated at the hospital for her injuries.

On May 25, 2022, the Arkansas State Police Crimes Against Children Division (CACD) requested a safety response after the family had been released from UAMS hospital. On May 26, Brookins met investigators at the Child Protection Center and submitted to a urine drug screen. Arkansas State Police Investigator Cassie Johnson informed the Arkansas Department of Human Services ("the Department") that the urine drug-screen results were invalid because the sample "had no temperature" and stated that she suspected Brookins had added soap and/or water to her urine to alter the results. CACD put in place a protective plan to ensure the safety of the children and Brookins, and Brookins was assisted in obtaining a protective order against Goodloe. Brookins almost immediately violated the safety plan and protective order by contacting Goodloe to give him her new contact information.

On May 27, 2022, the Department was granted emergency custody of MC1 and MC2 due to abuse, neglect, and parental unfitness. When the Department went to Brookins's residence, Brookins fled with the children. On June 2, the Department filed for custody and law enforcement assistance to locate Brookins and the children. On June 3, the circuit court entered an ex parte order for emergency custody granting the Department's request.

On June 13, the circuit court found probable cause that the children were dependent-neglected and that probable cause continued to exist; therefore, it was in the children's best interests to remain in the legal custody of the Department. The children's whereabouts were still unknown. Brookins and the children were located on June 20, and the children were taken into Department custody.

On July 28, 2022, an adjudication and disposition order was entered by the court. The court found by a preponderance of the evidence, that the children were dependent-neglected as defined by Arkansas law because they were at substantial risk of serious harm as a result Brookins's neglect and parental unfitness. On July 31, the Department and the attorney ad litem ("AAL") filed a joint petition to terminate Brookins's parental rights to both children. On October 26, the Department and the AAL filed a second joint petition seeking to terminate Brookins's parental rights to both children and included Goodloe as a party as MC2's putative father. On November 22, the circuit court entered an order granting "the Plaintiff's" voluntary nonsuit and dismissal of the "Joint Petition to Terminate Parental Rights."

On November 29, 2023, the circuit court held another review hearing in which it continued custody of the children with the Department with a goal of guardianship or adoption with a fit and willing relative and a concurrent goal of reunification with Brookins. The court also set the case for a termination-of-parental-rights hearing on January 24, 2024.

At the conclusion of the January 24 hearing, the circuit court orally terminated Brookins's parental rights to both children. On March 4, the circuit court entered a

termination order finding that the failure-to-remedy, other-factors, and aggravated-circumstances grounds supported termination and that termination was in the best interest of the children.[1] Brookins appealed.

Termination of parental rights is an extreme remedy and in derogation of the natural rights of parents. *Fredrick v. Ark. Dep't of Hum. Servs.*, 2010 Ark. App. 104, 377 S.W.3d 306. The Department must prove by clear and convincing evidence that termination is in the child's best interest and that at least one statutory ground for termination exists. *Id.*; Ark. Code Ann. § 9-27-341(b)(3)(A) & (B) (Supp. 2023). Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Fredrick*, 2010 Ark. App. 104, 377 S.W.3d 306. When the burden of proving a disputed fact is by clear and convincing evidence, the appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* We review termination-of-parental-rights cases de novo. *Id.*

For reversal, Brookins first argues that this case must be reversed because on the date of the termination hearing, there was no petition to terminate parental rights pending before the circuit court. A review of the pleadings filed by the Department and the AAL and the

---

[1]The court also terminated any rights Goodloe might have had to MC2 on the basis of his waiver of parental rights. Goodloe did not appeal.

court's orders gives us pause. The record shows that the Department and the AAL filed a pleading styled "Joint Petition To Terminate" Brookins's parental rights on July 31, 2023. In this petition, the Department and the AAL allege certain conduct by Brookins in support of termination. Then, approximately three months later on October 26, 2023, the Department and the AAL filed another pleading again styled "Joint Petition To Terminate" Brookins's parental rights, and they added Goodloe as MC2's putative father as a party. In this petition, the Department and the AAL allege certain conduct by Brookins and Goodloe in support of termination. For some reason not explained in the record, at a hearing less than a month later, on November 22, 2023, the Department and the AAL orally moved for nonsuit/dismissal of the "Joint Petition to Terminate." The circuit court granted the oral motion and stated the following in its "Order Granting Voluntary Non-Suit/Dismissal of Joint Petition to Terminate Parental Rights:"

> On this day, the Plaintiff's oral Motion for Voluntary Non-Suit/Dismissal of the Joint Petition to Terminate Parental Rights is presented to the Court for further disposition and review. . . .
>
> . . . .
>
> 2. The Plaintiff has an absolute right to non-suit/dismiss pursuant to Rule 41 of the Arkansas Civil Procedure.
>
> . . . .
>
> IT IS SO ORDERED.

This court has stated with approval the "widely recognized doctrine that an amended complaint, unless it adopts and incorporates the original complaint, supersedes the original

complaint." *James v. Williams*, 372 Ark. 82, 88, 270 S.W.3d 855, 860 (2008) (quoting *Edward J. DeBartolo Corp. v. Cartwright*, 323 Ark. 573, 577, 916 S.W.2d 114, 116 (1996).  The *James* court continued and stated: "Having failed to incorporate the original complaint into the amended complaint by reference, Williams cannot now rely on it.  We are, therefore, limited in our analysis to the terms in the amended complaint." *Id.*; *see also McMullen v. McHughes Law Firm*, 2015 Ark. 15, at 11, 454 S.W.3d 200, 207; *Farmers Union Mut. Ins. Co. v. Robertson*, 2010 Ark. 241, at 5, 370 S.W.3d 179, 183.

Here, the record reflects that the Department and the AAL filed their original Joint Petition to Terminate against Brookins on July 31, 2023.  Approximately three months later, the Department and the AAL filed a second Joint Petition to Terminate against both Brookins and Goodloe but did not adopt and incorporate the earlier petition; as a result, the second petition superseded the original petition.  As instructed by the *James* court, we are therefore limited in our analysis to the terms of the second Joint Petition.  However, as stated earlier, for reasons not contained in the record, less than a month after the second petition was filed, the Department and the AAL orally moved to nonsuit/dismiss the Joint Petition to Terminate, and the motion was granted.  Neither the Department nor the AAL filed a subsequent Joint Petition to Terminate after the nonsuit/dismissal order was entered.  Therefore, there was no joint petition to terminate parental rights pending before the circuit court when the termination hearing was held and when the termination order was entered.

Arkansas Code Annotated section 9-27-359(c) (Repl. 2020) provides that when the circuit court determines that the permanency goal is adoption, "the department shall file a

petition to terminate parental rights no later than the fifteenth month of the child's entry into foster care." The Department and/or the AAL are required to file a termination petition. *Id.*; Ark. Code Ann. § 9-27-341(a)(1)(A). "Shall" is mandatory. *Spa City Lodging, LLC v. Garland Cnty.*, 2024 Ark. App. 408, at 5, ___ S.W.3d ___, ___. In this case, the record reflects that there was no petition to terminate Brookins's parental rights pending at the time of the termination hearing or when the termination order was entered.

Without a petition to terminate pending at the time of the termination, there is nothing for us to review. We cannot review the grounds for termination against Brookins to determine whether there is sufficient evidence to support the termination order because there is no petition. Although not exactly on point, *Jackson v. Arkansas Department of Human Services*, 2013 Ark. App. 411, 429 S.W.3d 276, is instructive. In *Jackson*, this court reversed and remanded the circuit court's order that terminated the appellant's parental rights on the basis of a ground that was not alleged in the petition. In Brookins's case, because no petition was pending at the time of the termination hearing, no grounds have been alleged against her.

The Department and the AAL argue that when they made the oral motion to nonsuit at the November 22 hearing, their joint motion pertained only to the July 31 Joint Petition to Terminate and not the subsequent October 26 Joint Petition to Terminate, as evidenced by comments made by the court at the termination hearing. However, the order to nonsuit/dismiss does not specify a particular petition. And more importantly, as set forth above, when the November order of dismissal was entered, there was only one petition

7

pending that was be subject to dismissal—the October 26 petition—because the July 31 petition had been superseded.

Therefore, we reverse the order terminating Brookins's parental rights and remand for proceedings consistent with this opinion.

Reversed and remanded.

WOOD and HIXSON, JJ., agree.

*Elizabeth James*, Arkansas Commission for Parent Counsel, for appellant.

*Kaylee Wedgeworth*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor children.