Cite as 2022 Ark. App. 323

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-472

| | |
|---|---|
| DAVID FRAZIER<br><br>APPELLANT<br><br>V.<br><br>AMBER FRAZIER (NOW LEISTER)<br>APPELLEE | Opinion Delivered September 14, 2022<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72DR-13-1408]<br><br>HONORABLE CRISTI BEAUMONT, JUDGE<br><br>REVERSED AND REMANDED |

**ROBERT J. GLADWIN, Judge**

David Frazier files this one-brief appeal from the Washington County Circuit Court's May 5, 2021 dismissal of his petition for modification of child support. David argues that the circuit court erred because (1) the petition for modification sufficiently pleaded a cause of action and was prematurely dismissed, and (2) the dismissal of the petition improperly circumvents the revised family-support chart. We reverse and remand.

I. *Facts and Procedural History*

The parties divorced on January 17, 2013, and Amber was granted primary custody of the couple's two minor children, while David was granted visitation and ordered to pay child support in the amount of $921 biweekly plus 21 percent of his net bonuses. On June 11, 2018, an agreed order was entered that modified David's child-support obligation to $1,001 biweekly and continued the net-bonus-obligation provision. Both the original child-

support order and the 2018 modification order were based on the family-support chart in effect on those respective dates.

On September 22, 2020, David filed a petition for modification of child support alleging that since June 2018 there had been a material change in circumstances due to a change in his income—specifically as defined in the then applicable Administrative Order No. 10 that his income had increased and/or decreased by more than one hundred dollars a month.

On March 11, 2021, David filed a motion for stay of child-support payment on the basis that under the revised Administrative Order No. 10, which became effective July 1, 2020, he would not be obligated to pay 21 percent of his March 18, 2021 bonus because the revised version annualizes the receipt of a bonus to arrive at a monthly gross income. Specifically, David asked for a "temporary stay of his obligation to pay twenty-one percent [support on his bonus] pending an order from the court" at the Zoom hearing on his petition that had been scheduled for April 5.

On March 19, Amber filed a response to David's motion for stay of child support, noting that the annual bonuses historically received by David had been based on the previous year's performance. She argued that the majority of any upcoming bonus received by David would have been for income that predates the filing of his motion. She requested that the court deny the motion or, in the alternative, order David to deposit 21 percent of any net bonus received into the registry of the court pending further orders.

On March 31, Amber moved to dismiss David's petition for modification arguing that application of the revised Administrative Order No. 10 would be contrary to Arkansas Code Annotated § 9-14-107(c)(2)(C) (Repl. 2020). Further, she claimed that because the petition violated section 9-14-107(c)(2)(C), it also failed to state a claim upon which relief could be granted and should be dismissed under Arkansas Rule of Civil Procedure 12(b)(6). Moreover, Amber asserted that David should be obligated to pay 21 percent of any net bonus received as child support despite the pending motion to modify.

On April 2, Amber filed a motion to continue, pointing out that the Zoom hearing set for April 5 would give David less than the ten days he had to respond. She requested sufficient time for him to respond and that the circuit court set a hearing on her motion to dismiss.

David filed a response on April 12 requesting that the circuit court deny Amber's motion to dismiss, noting that it was premised on assumptions and speculation rather than facts in evidence. He pointed out that given the lack of discovery and evidence of specific income amounts, it was impossible to calculate the proper child-support amount at the time the motion to dismiss was filed. He asked the circuit court to allow further proceedings on his petition for modification. Amber filed a reply to his response on April 16.

Without holding a hearing, on May 5, the circuit court entered an order dismissing David's petition for modification and denying the motion to suspend child-support payment. The dismissal order is brief and does not specify the basis for the dismissal.

After the circuit court dismissed the petition for modification, Amber petitioned for attorney fees. David filed a timely response objecting to an award of attorney fees. The circuit court never ruled on the motion for attorney fees. Nevertheless, the May 5, 2021 order of dismissal is a final, appealable order. David filed a timely notice of appeal on May 19, 2021.

## II. *Standard of Review*

We recently reiterated our standard of review on an order granting a motion to dismiss in *Brown v. Towell*, 2021 Ark. 60, at 6, 619 S.W.3d 17, 20:

> When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. Furthermore, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. Further, "we treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation. The standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. Finally, "we consider questions of law de novo.

*Id.* (citations omitted).

The sufficiency of the petition involves the application and interpretation of section 9-14-107(c)(2)(C). This court reviews de novo questions involving the correct application and interpretation of an Arkansas statute. *Welch v. Faulkner*, 2019 Ark. App. 207, at 5–6, 575 S.W.3d 448, 450. Thus, the circuit court's interpretation and application of the statute is given no deference on appeal. *Essential Acct. Sys., Inc. v. Dewberry*, 2013 Ark. App. 388, at 5, 428 S.W.3d 613, 616.

## III. *Discussion*

David argues that his petition sufficiently pleaded a material change in circumstances and adequately stated a claim on which relief could be granted. He claims that the sufficiency of the petition is the only question properly before this court and that the circuit court committed reversible error by prematurely dismissing it. For purposes of this appeal, it should be assumed that David's income has "increased and/or decreased by more than $100.00 per month" as stated in petition. *See Brown, supra.* Moreover, we note that Amber did not dispute this factual allegation.

The only evidence of David's income before the circuit court was his factual allegation in the petition that his monthly income had "increased and/or decreased by more than $100.00 per month." No discovery was completed, despite the expiration of nearly eight months between the filing of the petition and the circuit court's order of dismissal. Without evidence of David's then current monthly income, it was not possible for the circuit court to calculate the correct amount of his child support at the time the order was entered.

Amber argued in her motion to dismiss that David failed to allege with specificity any facts that support his allegation that his income has increased and/or decreased by more than one hundred dollars a month; rather, he stated mere conclusions, which is contrary to Ark. R. Civ. P. 8(a)(1). *See also McMullen v. McHughes Law Firm*, 2015 Ark. 15, 454 S.W.3d 200, wherein the Arkansas Supreme Court again stated that facts, not mere conclusions, must be alleged in a claim for relief. Amber's motion to dismiss the petition for modification was premised on her assumptions that David's income increased but that his child-support obligation would decrease under amended Administrative Order No. 10. While David's

5

factual allegations are to be taken as true, Amber's assumptions are given no such deference. *Brown*, *supra*.

David acknowledges that section 9-14-107(c)(2)(C) prohibits the modification of child support that is based solely on a revision to the child-support chart. The statute provides that "an inconsistency between the existing child support award and the amount of child support that results from the application of the child-support chart shall constitute a material change in circumstances" unless "the inconsistency is due solely to a revision of the family support chart." Ark. Code Ann. § 9-14-107(c)(2)(C). Because David's petition for modification was not based solely on a change in the child-support chart, it should have been fully adjudicated rather than summarily dismissed on Amber's allegation that it might reduce David's child-support obligation.

Because David's petition for modification sufficiently pleaded a cause of action but there was insufficient evidence before the circuit court to determine the correct amount of his child-support obligation, we hold that the circuit court committed reversible error in dismissing the petition on the basis of Amber's assumptions and the assumed impact of amended Administrative Order No. 10 without at least considering David's actual income and investigating his claim that his income had changed to such an extent that it constituted a material change of circumstances. Accordingly, we reverse and remand for the circuit court to hold a hearing on David's petition.

Reversed and remanded.

ABRAMSON and VAUGHT, JJ., agree.

6

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups*, for appellant.

One brief only.